RALPH K. SAFFORD vs. MORRIS METAL PPODUCTS
.COMPANY.

Third Judicial District, New Haven, June Term, 1923.
WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

In order to make a valid attachment of property under General Statutes,
§ 5862, three steps are essential: first, a lawful seizure of the prop-
erty; second, service upon the defendant of a certified copy of the
process with a description or inventory of the items of property;
and third, a return of the process to court with a like description
of the property attached.

A deputy-sheriff with a writ of attachment entered the defendant's
plant with intent to attach its entire mechanical equipment; but
upon learning that the defendant had an inventory of the contents
of its plant with the exception of certain articles in a storeroom,
he only described the storeroom articles in his return. He then left
a keeper at the plant until the attachment was released, a week
later, upon the giving of an attachment-bond in statutory form.
At no time until after the return-day did he see or have the com-
pany's inventory or any other inventory except that made by him
of the items in the storeroom. Held that never having attached
the mechanical equipment in the plant, his return could not be
amended to include such property.

An amendment of an officer's return can be allowed only where all the
required steps have been taken, but some error in detailing them
has supervened.

Argued June 5th—decided July 27th, 1923.

APPLICATION by one Fasanella, a deputy-sheriff, for
leave to correct and amend his original return respect-
ing an alleged attachment of machinery, tools and
materials in the factory buildings of the defendant,
brought to and tried by the Superior Court in Fairfield
County, *Avery, J.;* facts found and application denied,
from which the applicant appealed. *No error.*

On October 6th, 1920, the applicant, a deputy-
sheriff of Fairfield County, by virtue of the original
writ and complaint in the above-entitled action direct-

ing an attachment to the amount of $20,000, placed in his hands for service, entered upon the real property and plant of the defendant with intent to attach the entire mechanical equipment of the company. Immediately upon entering the plant, Fasanella inquired of the superintendent of the factory whether or not he had an inventory of the contents of the plant, and was informed that there was such an inventory complete except as to certain items in the storeroom consisting of articles recently acquired by the defendant. Fasanella at no time requested or was shown this inventory, but thereupon went to the storeroom and made an inventory of the additional articles. The articles so inventoried by Fasanella are those described as the articles attached in the original return upon the original writ. The value of the property described in the original return was less than $20,000. The items of machinery described in the proposed amendment were in fact the property of the defendant, and were in the plant of the defendant and a part thereof from October 6th, 1920, and continuously until and after Fasanella had made his return and had served a copy of the original process upon the defendant. The value of the property described in the proposed amendment was at least $200,000.

In carrying out the direction of the original writ Fasanella did not in fact remove any property from the plant of the defendant. From October 6th, 1920, until October 11th, 1920, Fasanella in person, or his keeper, was continuously present in the plant, pursuant to his intention to attach the entire mechanical plant of the defendant. Fasanella did not announce to the superintendent or to any other person in the plant what property he claimed to hold under the attachment, and did not post any notice or notices concerning the seizure of any property of the defendant. He did

not change any of the locks or keys to the plant, nor did he take, demand or request any keys nor inquire concerning the existence of any keys or locks. Fasanella, except as to the property described in the original return, did not segregate or in any way take or maintain actual physical possession of any property of the defendant, except that from October 6th to October 11th, 1920, he or his keeper was continuously present in the plant, with intent to hold under attachment the entire mechanical plant of the defendant.

On October 11th, 1920, a bond in statutory form dated October 8th, 1920, was given by the defendant to release the attachment in this action, upon which bond Kenneth W. McNeil, the appellee herein, was surety. On October 11th, 1920, and after delivery and acceptance of said bond, Fasanella withdrew his keeper and surrendered possession of any property of the defendant held by him for attachment. Thereafter, on October 18th, 1920, Fasanella left with the defendant a true and attested copy of the process and of the accompanying complaint, and of his original return thereon, describing as the property attached the property included in the inventory made by him as aforesaid, of the articles found in the storeroom. The copy left with the defendant contained no description of the property attached other than that contained in the inventory just referred to. At no time from October 6th, 1920, until after the return-day of the writ did Fasanella have in his possession any inventory of property of the defendant other than the inventory which he himself had made of the articles in the storeroom. Thereafter Fasanella made his return upon the original writ, stating an attachment of the property included in the inventory. Final judgment in this action was entered on August 10th, 1922. This application was made on October 11th, 1922.

Upon the hearing on the application, the applicant claimed that upon the foregoing facts the court should permit him to amend his return by including therein all of the items included in his proposed return, consisting of about one hundred and ninety items of machinery not included in the original return. The court overruled this claim and upon the facts found denied the application.

The applicant assigns as error the action of the court in denying the application, and also in holding that upon the facts found it was not within the power of the court to permit the proposed amendment.

*William H. Comley*, for the appellant (the applicant).

*William B. Boardman*, with whom, on the brief, was *Jonathan Grout*, for Kenneth W. McNeil.

KEELER, J. The trial court held that the instant case is governed by the decision in *Ahern* v. *Purnell*, 62 Conn. 21, 25 Atl. 393, and rightly so. In that case a certain number of packages of tea were described in the return as property attached, and certain other property attempted to be attached was described as "all the stock and goods in said defendant's store, situated on Main Street, South Manchester, in said town," etc. The then-existing statute (General Statutes, 1888, § 907) relating to the method of procedure by the officer attaching, read as follows: ". . . in every case of attachment, the officer serving the process shall leave with the person whose estate or body is attached, or at the place of his usual abode, if within the State, a true and attested copy of the process and of the accompanying declaration or complaint, and of his return thereon, describing any estate attached." The present statute in this regard (General Statutes, 1918,

§ 5862) is identical with the above except for the omission of the word "declaration," and the transposition of the words "place of his usual abode" to read "his usual place of abode," alterations in no way affecting its purview or effect. In the opinion in the case cited, the court goes on to say: "A description of the goods attached is clearly required. The object is not, as the defendants seem to suppose, merely to give the defendant in the suit notice of what is attached; the plaintiff has a right to know; other creditors have a right to know; and all concerned are entitled to facilities for holding the officer to accountability." The court further observes: "The description gives little or no information to the parties interested,—certainly not such as the statute contemplates. . . . We can do no less than hold that such an attachment is inoperative, creating no lien." In the case just cited, the officer claimed that he had attached property described in his return as situated in a certain store; the attempted attachment of this property was denied by the court because the description was too general. If, as in the instant case, there is no description at all, is the officer to be in any better position? See also *Sanford* v. *Pond*, 37 Conn. 588, for an earlier enunciation of the same doctrine.

Our statute above referred to requires, in the first instance, a valid seizure of the property; second, due service upon the defendant of a copy of the process with a description of the property attached in the officer's certificate; third, a return of the process to court with a like description of the property attached in the return as certified. All of these elements are prerequisites of a valid attachment. Passing by the first, compliance with which in the present case is doubtful, we find the second and third steps were not taken, except as to the property described in the original re-

Safford *v.* Morris Metal Products Co.

turn. The description of the property attached in any given case is termed an inventory. In the present case he made no inventory of any property beyond that described in the original return, he had no inventory, he never saw an inventory, he took no property except that described as aforesaid, he removed no property, and did nothing in the way of posting notices in the manner provided by statute as an alternative for removal. All that appears in the finding on appeal, is that he intended to attach some property, just what he did not know. He would have had to give further attention to listing the property proposed to be attached before service and return of the process, had he not taken the bond and released the property that he actually had attached as described in the original return. He should have had an attachment perfected so far as to be in a position to exactly describe the property before taking the bond, both for his own protection and that of the surety on the bond. He had gone no further in his efforts to attach than to make a seizure, if indeed his dealing with the property not included in the original return can be deemed a seizure. Assuming that there was a seizure, he had performed only one of the three requisites of a valid attachment; the other two above noted were just as vital.

Amendments can only be allowed where all of the steps to be pursued have been taken, but some error in detailing them has supervened. Two cases in which amendment of an officer's return has been allowed have been brought to our notice by applicant's counsel, but in both of them the acts before stated to be essential had been taken, but the return failed fully to correctly state them. In *Palmer* v. *Thayer*, 28 Conn. 237, 241, the officer had given a wrong date of attachment, and he was allowed to correct it in accordance with the fact; in *Hannon* v. *Bramley*, 65 Conn. 193, 194, 200, 32

Atl. 336, the officer attached hay in a barn and, according to the provisions of the statute, posted a notice thereof on the barn door and left a copy of the process with the town clerk, but did not state in the return on the original that he performed these acts. Such corrections were properly made, but the fact does not in any way impair the validity of the conclusions above specified.

There is no error.

In this opinion the other judges concurred.