## ANNA M. BRUCE ET ALS.
*vs.*
## JOHN BUKOWSKI

Court of Common Pleas     Hartford County     File No. 39584

MEMORANDUM FILED MAY 27, 1940.

*Carlos A. Richardson*, of New Britain, for the Plaintiffs.

*Andrew Aharonian*, of New Britain, for the Defendant.

MOLLOY, J. Judgment in the above entitled cause was rendered April 15, 1940, by the Town Court of Berlin. On April 18, 1940, the defendant appealed from said judgment to this court, returnable the first Tuesday of May, 1940. On May 3, 1940, a bond to prosecute appeal was executed by the defendant with his wife as surety. The following day, May 4, 1940, the judge of the Town Court of Berlin, George E. Griswold, certified the record of the case on appeal, which record was received by this court May 6, 1940. The return day was May 7, 1940. The plea in abatement to the appeal is on the ground that the appeal being returned to this court on May 6 failed to comply with the statutory requirement that process to this court be returned at least six days before the return day as required by section 5463 of the General Statutes, Revision of 1930. The appeal of the defendant to this court was clearly "process." *New Haven Loan Co. vs. Affinito*, 122 Conn. 151, 154.

Now, the present situation was brought about by reason of the delay on the part of the defendant in filing his appeal bond, and the trial judge apparently took the position that he would not send the record of the case to this court until the appeal bond had been filed. There is some question that the appeal bond has to be actually filed at least six days before the return of the record to this court. *Spencer vs. Broughton*, 77 Conn. 38, 41, has this to say: "The law gave the defendant the right of appeal from the judgment of the justice. Having given notice of appeal at the proper time and in the proper manner, he was entitled to a reasonable time to provide the bondsman on his appeal. *Chesebro vs. Babcock*, 59 Conn. 213, 218. After such notice of appeal had been given, the mere taking of the recognizance, allowing the appeal and making up the record, were clerical acts, which were properly performed even after the justice court had adjourned, provided they were done within a reasonable time before the next return-day of the

appellate court to which the appeal could have been taken." The court continued: "The method of taking the appeal was at the most a mere irregularity...."

It would seem, therefore, that the trial judge should have returned the record to this court in such time as to comply with section 5463 of the General Statutes, Revision of 1930. The appeal bond would have to be filed at least before the return day, but in any event, the record itself could have been in this court six days before the return day. Perhaps appealing counsel should have seen to it that the record was in this court in compliance with the statutory requirement. However, as the record now stands, the case was not returned to this court at least six days before the return day of the term to which the case had been appealed. In other words, no matter what may be the excuse for the failure of the trial judge to return the case, the fact is that it was not returned to this court in accordance with the statutory requirement.

By way of suggestion, it may be possible that the trial judge on this appeal being dismissed, can reopen the judgment, and thus afford the defendant an opportunity to have his case heard in this court. However, that is only a suggestion and may not be feasible. The attitude of this court is that if the defendant has a real grievance, he should be afforded an opportunity to be heard.

The plea in abatement is, therefore, sustained, and judgment is accordingly rendered.