WILFRED A. LAMOTHE ET AL. v. BESSIE GORDON ET AL.

SUPERIOR COURT        TOLLAND COUNTY        FILE No. 5288

Memorandum filed October 4, 1948.

*Robert J. Pigeon,* of Rockville, for the Plaintiffs.

*Day, Berry & Howard,* of Hartford, for the Defendants.

SHEA, J. These actions were instituted by the plaintiffs by writ and complaint dated September 8, 1947, the writ being made returnable to this court on the first Tuesday of October, 1947. The writ was not returned to court within six days before the return day. It was actually received by the clerk of this court on October 22, 1947. The envelope in which the papers were received by the clerk is postmarked at Rockville, Conn., October 1, 1947, 8 a. m. The defendants appearing specially now move to strike the cases from the docket because of the late return.

Section 5463 of the General Statutes provides that process in civil actions returnable to the Superior Court shall be returned to the clerk of such court at least six days before the return day. The provisions of the statute in respect to the return of process are mandatory.

Under our law, the officer making service must indorse his doings on the writ and complaint and return it to court a certain number of days before the return day. *Hartley* v. *Vitiello,* 113 Conn. 74, 79. As there was no return of the process, it is, at least after the time limited by law for its return, the same in effect as if there was no process, because none can be shown. *Williams* v. *Ives,* 25 Conn. 568, 574. Nor is the matter one that may be cured by amendment. *Safford* v. *Morris Metal Products Co.,* 99 Conn. 372; *Musial* v. *State,* 3 Conn. Sup., 159, 160. No matter what may be the excuse for the failure to return the case, the fact is that it was not returned to this court in accordance

with the statutory requirement. *Bruce* v. *Bukowski*, 8 Conn. Sup. 265 267. The statutory requirement is clear and definite and cannot be ignored. The actions must fail because they were not returned with the prescribed period before the return day. *Chevalier* v. *Wakefield*, 85 Conn. 374, 375.

Perhaps the plaintiffs may obtain relief under the provisions of § 6024 of the General Statutes. *Bassett* v.*Foster*, 116 Conn. 29. However, that question is not now before the Court.

The motion is granted.