LIEF HAABERG ET AL. *v.* ALGERT SANDERS

SUPERIOR COURT      HARTFORD COUNTY      FILE No. 149271

Memorandum filed June 12, 1967

*Albert O. Bolduc,* of Granby, and *Charles E. Moller,* of Hartford, for the plaintiffs.

*Cooney & Scully,* of Hartford, for the defendant.

KLAU, J.   On October 25, 1966, proper service of process of the plaintiffs' writ, summons and complaint was made upon the defendant in the above-entitled action.   This writ was made returnable to the Superior Court in Hartford County on the first Tuesday of December (December 6), 1966.

The writ was returned and filed with the clerk's office on December 19, 1966, and thus it was not filed six days before the return date as required by § 52-47 of the General Statutes.   The defendant, however, entered a general appearance in this action on December 7, 1966.   On December 29, 1966, without seeking to withdraw his general appearance, the defendant by his attorneys filed the above-entitled motion to erase.

The question is whether the defendant's appearance waives any jurisdictional defects with respect to the late return to the Superior Court by the officer who served the process.   Proper service of process was made upon the defendant.   There is no question that the court has jurisdiction over the subject matter of the complaint.   The writ is not void, but voidable.   See *Orcutt's Appeal,* 61 Conn. 378, 380–81; *Hill* v. *Buechler,* 73 Conn. 227, 231; *McCabe* v. *Atkinson,* 15 Conn. Sup. 307, 309.   The parties may agree to a late return.   See *Musial* v. *Connecticut,* 3 Conn. Sup. 159, 160.   The filing of a general appearance is a consent by the defendant to

the exercise of jurisdiction over him by the court. See *State* v. *Licari,* 153 Conn. 127; Stephenson, Conn. Civ. Proc. § 53, p. 114.

The failure to comply with the statute renders the proceeding voidable and subject to abatement, and the proceedings are not void. There appears to be no reason for abating the action where a defendant has filed a general appearance and has not appeared specially to raise the issue. See *Daley* v. *Board of Police Commissioners,* 133 Conn. 716. Indeed, the defendant could even waive the service of process by the filing of a general appearance.

The motion to erase for want of jurisdiction is denied.