WILLIAM J. PETZOLD, INC. *v.* COMMISSIONER
OF REVENUE SERVICES

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE No. 283609
HARTFORD-NEW BRITAIN AT HARTFORD

Memorandum filed March 12, 1984

*Dzialo, Pickett & Allen,* for the plaintiff.

*Joseph I. Lieberman,* attorney general, and *Robert L. Klein,* assistant attorney general, for the defendant.

PURTILL, J. The record indicates that on June 30, 1983, the defendant filed the present motion to dismiss which came before the court without argument on August 29, 1983. The record further indicates that on the same date the motion to dismiss was denied without amplification, and that on February 16, 1984, the defendant moved for articulation claiming that the decision denying the motion to dismiss was contrary to previous decisions. After review of the record the court agrees with the defendant.

The factual situation which precipitated the motion to dismiss is apparent from the record and may be summarized as follows: The plaintiff instituted the present appeal from the action of the commissioner of revenue services under the provisions of General Statutes § 12-422 by the preparation of a complaint returnable "on April 26, 1983, on the Fourth Tuesday of April 1983." The complaint was accompanied by a citation dated March 2, 1983. Pursuant to such citation service was made on March 3, 1983, by Francis M. DeLucco, chief deputy sheriff of the county of Hartford.

The process including the complaint and summons was returned to the clerk on May 20, 1983. It is noted

that such service was returned twenty-three days after the return date specified in the complaint and citation. The provisions of General Statutes § 52-46a requiring that process be returned to the clerk at least six days before the return date and § 12-422 making § 52-46a applicable to the present appeal are also noted.

On May 24, 1983, the plaintiff amended its citation to show a return date of June 7, 1983, and the date of "process" to May 24, 1983.

The pivotal issue here is whether the plaintiff can avoid the effect of a late return by amending the papers to show a later return day which conforms to the actual return to court.

Late return of process does not render an action void but merely voidable. *Haaberg* v. *Sanders,* 27 Conn. Sup. 126, 127, 231 A.2d 657 (1967); 1 Stephenson, Conn. Civ. Proc. (2d Ed.) § 22b. As in the *Haaberg* case, the defendant here could have waived late service but elected not to do so.

Where return of service is not timely, however, the courts have uniformly held that the defect cannot be cured by amendment. *Safford* v. *Morris Metal Products Co.,* 99 Conn. 372, 121 A. 885 (1923); *Denison* v. *Crafts,* 74 Conn. 38, 49 A. 851 (1901); *LaMothe* v. *Gordon,* 15 Conn. Sup. 504 (1948). The rationale of this proposition appears to be that once the date for return has passed there is nothing before the court which can be amended.

The plaintiff claims that the six-day provision of § 52-46a does not apply to the present appeal and draws a distinction between the time the process must be returned and the manner in which it must be returned. This argument, however, is too strained, and since process was returned so long after the actual return date it cannot be the basis of relief here.

Because of the above, the decision of August 29, 1983, denying the defendant's motion to dismiss is hereby set aside and the defendant's motion to dismiss is granted.