PATRICK BERGIN ET AL. *v.* DOROTHY BERGIN ET AL., ADMINISTRATRICES (ESTATE OF ELIZABETH BERGIN) (2222)

DUPONT, C.P.J., HULL and SPALLONE, Js.

Argued January 16—decision released April 16, 1985

*David W. Winters,* for the appellants (plaintiffs).

*William J. St. John,* and *David W. McGill,* for the appellees (defendants).

SPALLONE, J. The plaintiffs have appealed from a judgment of the Superior Court dismissing their appeal from the Cheshire Probate Court.

Elizabeth Bergin died testate. Edward Bergin, her nephew and the father of the plaintiffs, was a beneficiary under her will. He predeceased the testatrix. The Probate Court construed Elizabeth Bergin's will in such a way as to determine that the bequest to Edward Bergin lapsed and passed by intestacy to the heirs of the testatrix, rather than to the plaintiffs.

On December 1, 1982, the Probate Court granted the plaintiffs' motion to appeal to the Superior Court. The appeal was returnable on January 25, 1983, and counsel for the defendants filed an appearance on that date. Process, however, was not returned until February 1, 1983. On February 15, 1983, the defendants filed a motion to dismiss on the grounds that the return was untimely and that the allegations of aggrievement underlying the appeal were insufficient. The parties stipulated that the defendant was not prejudiced by the

late return and requested that the motion to dismiss be decided on the papers. The trial court granted the motion without specifying its reasons for so doing.

The focal issue in this case is whether the late return of process is a circumstantial defect,[1] correctable by amendment, or a substantive defect rendering the appeal voidable upon timely motion by the defendants. Since we find that the late return of process is a substantive defect and that the trial court did not err in dismissing the appeal, we need not reach the question of whether the plaintiffs were aggrieved.

The right to appeal from the decision of a Probate Court is purely statutory; General Statutes § 45-288; and the requirements fixed by statute for taking and prosecuting the appeal must be met. The Superior Court is without jurisdiction to entertain an appeal from probate unless the appeal complies with the conditions designated by statute as essential to the exercise of this power. *Exchange Buffet Corporation* v. *Rogers,* 139 Conn. 374, 376, 94 A.2d 22 (1952).

For purposes of mesne process, a probate appeal is considered a civil action. *Campbell's Appeal,* 76 Conn. 284, 56 A. 554 (1903). As such, the requirement of General Statutes § 52-46a,[2] which states that process in civil actions returnable to the Superior Court must be returned at least six days before the return day, must be satisfied.

---

[1] General Statutes § 52-123 provides as follows: "No writ, pleading, judgment or any kind of proceeding in court or course of justice shall be abated, suspended, set aside or reversed for any kind of circumstantial errors, mistakes or defects, if the person and the cause may be rightly understood and intended by the court."

[2] General Statutes § 52-46a provides as follows: "Process in civil actions returnable to the supreme court shall be returned to its clerk at least twenty days before the return day and, if returnable to the superior court, except process in summary process actions, to the clerk of such court at least six days before the return day."

Statutory limitations upon the time for the taking of an appeal and for the return of process implement the speedy determination of the issues involved. *Valley Cable Vision, Inc.* v. *Public Utilities Commission,* 175 Conn. 30, 35, 392 A.2d 485 (1978). Such time limitations "on the enforcement of a right, created by statute and not existing at common law, [are] a part of the right and must be met in order to provide a court with jurisdiction to hear the cause of action. *Karp* v. *Urban Redevelopment Commission,* 162 Conn. 525, 529, 294 A.2d 633 (1972)." *Wilburn* v. *Mount Sinai Medical Center,* 3 Conn. App. 284, 288, 487 A.2d 568 (1985). "Where return of service is not timely . . . the courts have uniformly held that the defect cannot be cured by amendment. *Safford* v. *Morris Metal Products Co.,* 99 Conn. 372, 121 A. 885 (1923); *Denison* v. *Crafts,* 74 Conn. 38, 49 A. 351 (1901); *LaMothe* v. *Gordon,* 15 Conn. Sup. 504 (1948). The rationale of this proposition appears to be that once the date for return has passed there is nothing before the court which can be amended." *William J. Petzold, Inc.* v. *Commissioner of Revenue Services,* 39 Conn. Sup. 247, 249, 476 A.2d 1094 (1984).

Late return of process renders an action voidable, rather than void. Id.; 1 Stephenson, Conn. Civ. Proc. (2d Ed.) § 22 (b). Since the defendants, in this case, chose not to waive this defect and timely filed a motion to dismiss, the trial court properly dismissed the appeal.

There is no error.

In this opinion the other judges concurred.