[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has appealed to the Superior Court from an order of the Probate Court for the District of Coventry denying the plaintiff's request to waive the statutory time CT Page 4087 limit of thirty (30) days in which to appeal from the admission of a will.
On August 27, 1986, the Probate Court for the District of Coventry issued a decree admitting the will of the decedent, Frank P. Sousa.
On March 5, 1992, said Probate Court appointed the plaintiff, Betty Lumbra, guardian ad litem for Amy Jo Lumbra-Souza, a minor who might have an interest in the estate (ROR. Ex A).
On March 25, 1992, the Probate Court found that neither the minor nor her guardian ad litem had received actual notice of the hearing held in 1986 which resulted in the admission of the will to probate.
Accordingly, on March 25, 1992, the Probate Court ordered that certified copies of its decree of August 27, 1986 and of the will be sent by certified mail to the plaintiff on or before March 28, 1992. (ROR. Ex B).
The order was complied with and the plaintiff received and signed the certified mail delivery receipt on April 1, 1992. (Defendant's Ex. A)
On May 14, 1992, a letter from the plaintiff was hand delivered to the Probate Court requesting an extension of the thirty day limit to appeal from the admission of the will. The plaintiff wrote that she was unaware of the statutory requirements in Connecticut because she was a resident of Vermont. (ROR. E).
Her request for an extension of time was denied by Probate Court decree dated August 14, 1992. (ROR. F)
The plaintiff thereafter appealed to the Superior Court, with service to the defendants for the estate on October 8, 1992.
From the foregoing facts, the Court finds the plaintiff is aggrieved.
An appeal from probate is a purely statutory proceeding. Exchange Buffet Corp. v. Rogers, 139 Conn. 374, 376 (1952); CT Page 4088 Bergin v. Bergin, 3 Conn. App. 566, 568 (1985), and the requirements fixed by statute for taking and prosecuting the appeal must be met. Bergin, supra 568. Statutory time limitations for taking an appeal must be met in order to provide the Superior Court with jurisdiction, Bergin at 569. The rulings of Bergin are dispositive of the issues in this case.
Connecticut General Statutes Section 45a-187 provides that any appeal from probate must be taken to the Superior Court within thirty (30) days of receiving legal notice. The plaintiff did not do so. The Probate Court did not have statutory authority to waive the time to appeal, and this Court is without jurisdiction, pursuant to the direction of Bergin v. Bergin, supra, to hear it.
For the foregoing reasons, the appeal is dismissed.
BY THE COURT,
Lawrence C. Klaczak Judge, Superior Court