[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT UNION TRUST COMPANY'S MOTION TODISMISS
The defendant, Union Trust Co., has moved to dismiss this action because process was not returned to the Superior Court in a timely manner pursuant to General Statutes § 52-46a, which requires that process be returned at least six days before the return day. The plaintiff, Robert Welsh, does not dispute that this action was commenced by summons and complaint made returnable to this court on March 8, 1994, and that the summons, complaint and sheriff's return were not filed with this court until March 7, 1994. Therefore, the plaintiff concedes that unless the defendant has waived its right to raise a jurisdictional defense, the motion to dismiss should be granted.
The plaintiff claims that the defendant waived its right to raise an insufficiency of process defense when it first filed a request to revise. Our rules of practice provides that "Any claim of insufficiency of process or insufficiency of service of process is waived if not raised by a Motion to Dismiss filed in the sequence provided in Secs. 112 and 113 . . . ." Practice Book § 144. Practice Book §§ 112 and 113 provide for the following sequence of pleading:
(1) the plaintiff's Complaint.
(2) the defendant's Motion to Dismiss the Complaint. CT Page 8050
(3) the defendant's Request to Revise the Complaint.
Accordingly, by filing its request to revise prior to the motion to dismiss, the defendant failed to comply with our rules of practice, and waived its right to challenge the sufficiency of process.
The defendant argues, however, that the defect of a late return of process is one that affects the subject matter jurisdiction of the court. Practice Book § 145 states that any claim of lack of jurisdiction over the subject matter cannot be waived.
While it is true that whenever the court determines that it lacks subject matter jurisdiction, it is bound to dismiss the case, the defect in the present action does not go to the court's subject matter jurisdiction, and therefore is waivable and has been waived. In its own motion to dismiss and memorandum of law in support thereof, the defendant claims that the late return date is a defect concerning the sufficiency of process. Moreover, the cases that have addressed this issue have determined that late return of process does not render an action void but only voidable. Rogozinski v. American Food Service EquipmentCorporation, 211 Conn. 431 433 (1989); Sidor v. ConnecticutNatural Gas Corp. , 7 CSCR 5 (November 20, 1991, Rush, J.); WilliamJ. Petzold, Inc. v. Commissioner of Revenue Services,39 Conn. Sup. 247 (1984).
The defendant's motion to dismiss does not attack the subject matter jurisdiction of this court. Rather, the jurisdictional claim concerns sufficiency of process and was waived when the Request to Revise was filed nearly two weeks earlier. Accordingly, the Motion to Dismiss is denied.
JOSEPH H. GOLDBERG SENIOR JUDGE