[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The defendant moves to dismiss this application to vacate an arbitration award for the reason that it was not timely made in accordance with General Statutes § 52-420.[1]
The plaintiff and defendant were parties to an underinsured motorist arbitration. There is no evidence of the date on which the parties received notice of the arbitrators' award. In its memorandum in support of its motion to dismiss, the defendant states that it "is unable to advise the court of the exact date of the award at this time, since the defendant's file is in a warehouse in dead storage." "Where a decision as to whether a CT Page 11075 court has subject matter jurisdiction is required, every presumption favoring jurisdiction should be indulged." Demar v.Open Space Conservation Commission, 211 Conn. 416, 425,559 A.2d 1103 (1989). While the decision of the two majority arbitrators is dated November 17, 1993, the opinion of the dissenting arbitrator is dated November 24, 1993. Indulging "every presumption favoring jurisdiction", the earliest date on which notice of the award of the arbitrators was rendered was November 24, 1993.
The plaintiff prepared an application to vacate the arbitration award, a citation and summons, all of which are dated December 8, 1993. The application was stamped filed by the clerk on December 23, 1994. The date and time printed by the stamp have been crossed out in pen. Another stamp of the clerk reflects that the application was filed on March 3, 1994. The clerk of the court assigned January 3, 1994 as the hearing date for the application.[2]
According to the sheriff's return of service, the application, citation and summons were served on the defendant on December 17, 1994. The affidavit of the plaintiff's attorney avers that all parties appeared in court on January 3, 1994. That affidavit also states that in late February or early March, 1994, an assistant clerk of the court "indicated that the filing fee had not been received by the court." The plaintiff's attorney had the filing fee hand-delivered on March 3, 1994.
The defendant has attached to its memorandum in support of its motion to dismiss two letters to counsel from the trial judge who had earlier presided over proceedings in this matter. The letters have not been offered into evidence nor has the plaintiff formally admitted the accuracy of the statements in those letters. See Vaitekunene v. Budrys, 156 Conn. 547, 553, 244 A.2d 408
(1968); Streicher v. Resch, 20 Conn. App. 714, 717, 570 A.2d 230
(1990); compare State v. Colon, 230 Conn. 24, 27, 644 A.2d 877
(1994) (affidavit of judge who signed search warrant admitted into evidence); but see Connecticut National Bank v. Oxenhandler,30 Conn. App. 541, 547n. 7, 621 A.2d 300, cert. denied, 225 Conn. 924,625 A.2d 822 (1993). Neither, however, has the plaintiff disputed them. The letters reflect that that judge heard oral argument on the application to vacate on January 3, 1994 after advising counsel that the original papers had not been returned to court. The court had proceeded based on photocopies of pertinent papers. According to the judge, the papers were not returned to court until March 3, 1994.
"Subject matter jurisdiction involves the authority of a CT Page 11076 court to adjudicate the type of controversy presented by the action before it. 1 Restatement (Second) Judgments § 11. Craig v.Bronson, 202 Conn. 93, 101, 520 A.2d 155 (1987). Jurisdiction of the subject matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong." (Internal quotation marks omitted.) Demar v.Open Space Conservation Commission, 211 Conn. 416, 423-424,559 A.2d 1103 (1989). "The source of a court's jurisdiction is the constitutional and statutory provisions by which it is created." (Internal quotation marks omitted.) Id., 425.
General Statutes § 52-420(b) provides: "No motion to vacate, modify or correct an award may be made after thirty days from the notice of the award to the party to the arbitration who makes the motion." (Emphasis added.) Thus, the terminal date for the thirty day time period is not when the motion, or application, is filed, nor when it is served; Middlesex Ins. Co,[.] v. Castellano, 225 Conn. 339,623 A.2d 55 (1993); Boltuch v. Rainaud, 137 Conn. 298,77 A.2d 94 (1950); nor when it is returned to court, but when it ismade. This conclusion is militated by three factors. Firstly, the statute itself does not use the words "filed" or "served" or "returned", words which are not uncommon in other chapters of the General Statutes. Had the Legislature intended that such terms govern the terminal day of the thirty day period, it would have employed them. Howard v. Commissioner of Correction, 230 Conn. 17,22, 644 A.2d 874 (1994); Caulkins v. Petrillo, 200 Conn. 713, 719,513 A.2d 43 (1986); State v. Smith, 194 Conn. 213, 232,479 A.2d 814 (1984). Secondly, Practice Book § 525 provides: "In proceedings brought for confirming, vacating or correcting an arbitration award under Gen. Stat., §§ 52-417, 52-418 or 52-419, the court or judge to whom the application is made shall cause to be issued a citation directing the adverse party or parties in the arbitration proceeding to appear on a day certain and show cause, if any there be, why the application should not be granted." (Emphasis added.) Thus, Practice Book § 525 reflects that an application is "made" when it is submitted to the court or judge for the issuance of a citation and assignment of a day certain for the hearing. Thirdly, our Supreme Court has held that an application to vacate an arbitration award is timely made even though it is served beyond thirty days from notice of the arbitrators' decision. Boltuch v. Rainaud, supra. It follows that such an application may be timely made even though it is not filed and returned to court within the thirty day period.
It does appear that the application was not returned to court CT Page 11077 with a filing fee until after the date of the hearing assigned by the clerk. For two reasons, this apparent defect will not abate these proceedings. Firstly, a requirement that the application, citation and summons be returned within a certain period of time is not contained in the statutes governing these proceedings. See General Statutes § 52-408 et seq. "Courts may not by construction supply omissions in a statute. . . ." State ex rel. Kennedy v.Frauwirth, 167 Conn. 165, 168, 355 A.2d 39 (1974). A requirement that process in civil actions be returned to the superior court at least six days before the return day is codified in General Statutes § 52-46a. However, "[a] proceeding to vacate an arbitration award is not a civil action, but is rather a special statutory proceeding." Middlesex Ins. Co. v. Castellano, supra,225 Conn. 344.[3] Secondly, the apparent defect here is not made a ground of the defendant's motion to dismiss. For this reason, and because such a defect does not implicate the court's subject matter jurisdiction, it is deemed to be waived. Practice Book § 144.[4] "Late return of process does not render an action void but merely voidable. Haaberg v. Sanders, 27 Conn. Sup. 126, 127,231 A.2d 657 (1967); 1 Stephenson, Conn.Civ.Proc. (2d Ed.) § 22b."William J. Petzold, Inc. v. Commissioner of Revenue Services,39 Conn. Sup. 247, 249, 476 A.2d 1094 (1984), cited with approval inBergin v. Bergin, supra, 3 Conn. App. 569.
Moreover, "[i]t is the policy of the law to bring about a trial on the merits of a dispute whenever possible and to secure for the litigant his day in court." Snow v. Calise, 174 Conn. 567,574, 392 A.2d 440 (1978); see Shokite v. Perez, 19 Conn. App. 203,207, 561 A.2d 461 (1989). "Our practice does not favor the termination of proceedings without a determination of the merits of the controversy where that can be brought about with due regard to necessary rules of procedure. Greco v. Keenan, 115 Conn. 704,705, 161 A. 100 [1933]." Johnson v. Zoning Board of Appeals,166 Conn. 102, 111, 347 A.2d 53 (1974). "A trial court should make every effort to adjudicate the substantive controversy before it, and, where practicable, should decide a procedural issue so as not to preclude hearing the merits of an app[lication]." Killingly v.Connecticut Siting Council, 220 Conn. 516, 522, 600 A.2d 752
(1991); see Cross v. Hudon, 27 Conn. App. 729, 733, 609 A.2d 1021
(1992).
The plaintiff complied with General Statutes § 52-420 by making an application to vacate the arbitration award within thirty days from notice of the award by submitting the application to an assistant clerk of the court for the issuance of a citation CT Page 11078 containing a date certain for a hearing. The court, by its assistant clerk, complied with Practice Book § 525 by issuing a citation fixing a date certain, January 3, 1994, for a hearing on the application. While not necessary to the court's jurisdiction, it is noteworthy that the defendant was served with the application, summons and citation within thirty days from notice of the arbitrators award. The motion to dismiss is denied.
Bruce L. Levin Judge of the Superior Court