[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
This negligence action was commenced by the service of a writ of summons and complaint on June 28, 1995, with a return date of August 15, 1995. The defendant appeared on July 19, 1995. The plaintiff returned the process on August 15, 1995. The defendant CT Page 13465 filed a motion to dismiss on the ground of late return of process under General Statutes § 52-46a on September 8, 1995. On September 14, 1995, the plaintiff, pursuant to Practice Book § 175, filed an amendment, as of right, to amend the summons to reflect a return date of August 22, 1995, instead of August 15, 1995. Before the court is the defendant's motion to dismiss.
"A challenge to the court's jurisdiction is raised by the filing of a motion to dismiss." Park City Hospital v. CommissionHospitals Health Care, 210 Conn. 697, 702, 556 A.2d 602 (1989). "The grounds which may be asserted in this motion are: (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; (5) insufficiency of service of process." Zizka v. Water PollutionControl Authority, 195 Conn. 682, 687, 490 A.2d 509 (1985). "The moving party has the burden of proof on a motion to dismiss on failure to properly commence the action, and may either rely on the court record or introduce evidence at a hearing." Mills v. Conn.Light Power Company, Superior Court, Judicial District of Ansonia-Milford at Milford, Docket No. 030813 (December 5, 1990) (Fuller, J.). Practice Book § 49 provides in pertinent part, "Mesne process in civil actions shall be a writ of summons or attachment, describing the parties, the court to which it is returnable and the time and place of appearance, and shall be accompanied by the plaintiff's complaint."
In this case, the defendant has moved to dismiss this action on the ground that return of process was not made at least six days before the return date as required by General Statutes § 52-46a.[1]
The defendant argues that a late return of service is an incurable defect of service which can not be amended. The plaintiff, in her memorandum in opposition, argues that Practice Book § 175 grants the right to amend a summons to reflect a later return date at any time before or after the original date of return.
Practice Book § 175 states, "The plaintiff may amend any defect, mistake or informality in the writ, complaint or petition and insert new counts in the complaint, which might have been originally inserted therein, without costs, during the first thirty days after the return day." Section 175 tracks the language found in General Statutes § 52-128.[2] "This statute [§ 52-128] permits the plaintiff to amend any defect, mistake or informality in the writ, complaint, declaration or petition . . . within the first thirty days after the return day. . . . The Practice Book rule is to the same effect." (Internal quotation marks omitted.) Franchi v. Farmholme,CT Page 13466Inc., 191 Conn. 201, 207-08, 464 A.2d 35 (1983).
Both § 175 and § 52-128 have been interpreted to allow for amendments of circumstantial defects in the complaint. See Shokitev. Perez, 19 Conn. App. 203, 561 A.2d 461 (1989) (plaintiff's filing of properly signed amended complaint within thirty days of the return date cured defect of missing signature); Sleeping GiantAssoc. Ltd. v. Zikorus, Superior Court, Judicial District of New Haven at New Haven, Docket No. 0535276 (July 16, 1993) (Riddle, J.) (the court allowed for an amendment alleging additional facts to an amended complaint filed within thirty days of the return date); but see McLaughlin Ford, Inc. v. Ford Motor Co., 192 Conn. 558,473 A.2d 1185 (1984) (right to amend without court approval as provided by § 52-128 and Practice Book § 175 applicable only when amendment is offered prior to commencement of trial.) However, in the present case there is no defect in the complaint, nor is there a defect in the return date itself. Furthermore, no case has been found that supports the plaintiff's argument that under § 175 or § 52-128, she can correct a late return of process by an amendment filed on September 14, 1995, which simply changes the return day from August 15, 1995 to August 22, 1995, and then claim that the original process, which was returned on August 15, 1995, was returned at least six days before the new return day of August 22, 1995.
The plaintiff primarily relies on the holding in ConceptAssociates, Ltd. v. Board of Tax Review, 229 Conn. 618,642 A.2d 1186 (1994), which allowed for amendments of improper return dates in civil cases before or after the return date. However, the plaintiff's reliance on this decision is misplaced. In ConceptAssociates, the plaintiff "filed a motion to amend pursuant to §52-72, seeking permission to correct the return date from [Thursday] May 28, 1992, to [Tuesday] May 26, 1992." Id., 621. The court, in discussing § 52-72 observed that "it appears that the statute was enacted in response to decisions of this court holding that an improper return date was a jurisdictional defect that could not be corrected." Id., 623. The court stated that "[t]he apparent intent of the legislature in enacting § 52-72 was to prevent the loss of jurisdiction merely because of a defective return date." Id. The court specifically rejected an opportunity to expand its holding to cases not involving § 52-72.[3] In Shelansky v. Roivisto, Superior Court, Judicial District of Hartford-New Britain at Hartford, Docket No. 533137 (February 27, 1995) (Corradino, J.), the court distinguished Concept Associates, as follows: "Section 52-72, however, was aimed at defects in the actual process and not at defects in service of process or failure to make proper return. . . . CT Page 13467 But it is not every defect in the process, service of process or return which can be cured by amendment. Simply put, failure to comply with the requirements of Section 52-46a cannot be cured by an amendment to [the] civil process (§ 52-72) in this case because there is nothing defective in the writ, summons, and complaint but the problem lies in the fact that process wasn't properly returned to court. If the plaintiff's interpretation is adopted there is practically no limit short of due process considerations to a court's power to correct defects in service of process or failure to comply with rules on return of process. (Citation omitted; internal quotation marks omitted.) Id.
The court is of the opinion that the analysis in the Concept
case is not applicable to the present case. In Concept, the Supreme Court was dealing with a defective return date and applied the statute, Section 52-72, which was enacted "to prevent the loss of jurisdiction merely because of a defective return date."Concept Associates v. Board of Tax Review, supra 229 Conn. 618. The instant case does not involve a defective return day but rather an improper return of process.
There are a number of cases which support the proposition that failure to return process at least six days before the return date renders the action voidable. See Rogozinski v. American FoodService Equipment Corporation, 211 Conn. 431, 559 A.2d 1110 (1989);Safford v. Morris Metal Products, 99 Conn. 372, 121 A. 885 (1923);Bergin v. Bergin, 3 Conn. App. 566, 490 A.2d 543 (1985); Arpaia v.Corrone, 18 Conn. App. 539, 559 A.2d 719 (1989); Petzold v.Commissioner of Revenue Services, 39 Conn. Sup. 247, 476 A.2d 1094
(1984) and LaMothe v. Gordon, 15 Conn. Sup. 504 (1948).
In Rogozinski v. American Food Service Equipment Corporation,211 Conn. 431, 559 A.2d 1110 (1989), the Supreme Court addressed the issue of whether the "trial court erred in dismissing the plaintiff's action for failure to return process within the six day period required by General Statutes § 52-46a." Id., 432. The court concluded that under § 52-46a, the action was voidable and subject to abatement. "There is no decision by this court to the contrary. The fact that in so few cases since the original enactment in 1744 has it had occasion to refer to this provision, as well as the language used when it has done so, is indicative that the statute's requirements have been deemed too plain for question." Id., 433.
In Bergin v. Bergin, 3 Conn. App. 566, 490 A.2d 543 (1985), process was not returned until seven days after the return date. CT Page 13468 The court found that a late return of process was a "substantive defect" not correctable by amendment. The court held, "Late return of process renders an action voidable rather than void. . . . Since the defendants, in this case, chose not to waive this defect and timely filed a motion to dismiss, the trial court properly dismissed the appeal." Id., 569.
In Arpaia v. Corrone, 18 Conn. App. 539, 559 A.2d 719 (1989), process was returned two days rather than three days before the return day as required by statute. The court again held that "the failure to meet the statutory requirement for the return of process renders the case subject to dismissal." Id., 541.
Likewise in Petzold v. Commissioner of Revenue Services,39 Conn. Sup. 247, 476 A.2d 1094 (1984), there was a late return of twenty-three days, an attempted amendment was quashed, and the action held voidable. The court opined, "The rationale of this proposition appears to be that once the date for return has passed there is nothing before the court which can be amended." Id., 249.
The plaintiff argues that because she returned the process on the return date, this case is distinguishable from the above cases. This argument fails to recognize the statutory requirement demanding a return at least six days before the return date. Any return made after six days is faulty and therefore voidable. The fact that the plaintiff was only six days late rather than twenty-three, seven or two days does not save this action from being untimely.
The second issue to be decided by this court is whether the defendant's motion to dismiss is timely. Practice Book § 142 states in pertinent part, "Any defendant, wishing to contest the court's jurisdiction, may do so even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance." The defendant in this case appeared on July 19, 1995, and moved to dismiss on September 8, 1995. The plaintiff returned the process on August 15, 1995.
It is well established as to the date on which an action is commenced. "The date when the writ was served, not its date or the return day, marks the time when the action was begun." Tuohey v.Martinjak, 119 Conn. 500, 501, 177 A. 721 (1935). In Arpaia, the court held, "[I]t is the actual return of the writ to the court which really puts the action before the court and empowers the court to proceed, even prior to return day. . . . Thus, although a CT Page 13469 defendant in a civil action may consent to the jurisdiction of the court, the court may not proceed with the action until the return of process is made to the court." (Internal quotation marks omitted.) Arpaia v. Corrone, supra, 18 Conn. App. 541. "[I]t is the actual return of the writ to the court which really puts the action before the court and empowers the court to proceed." Id.
The defendant in this case appeared before the actual return of process. The plaintiff argues that the thirty day time limit in which to file a motion to dismiss began to run at the time of the defendant's appearance on July 19, 1995, and therefore that the instant motion to dismiss was untimely filed on September 8, 1995. The court is of the opinion that the premature appearance of the defendant did not trigger the thirty day filing requirement. Rather, the thirty day requirement began to run as of August 15, 1995 when the process was returned to the court. It is that date from which the defendant had thirty days to respond with a motion to dismiss. Prior to August 15, 1995, there was no action which the defendant could seek to dismiss. To suggest that a defendant must file a motion to dismiss within thirty days of his appearance, irrespective of when the plaintiff returns the process, could require a defendant to file a motion to dismiss before an action was even in court. The law is clear that the return of the writ to the court puts the action before the court, empowering the court to proceed, and in a case where the defendant has appeared before the process is returned, the thirty day filing period does not commence until the actual return.
Accordingly, for the reasons above stated, the defendant's motion to dismiss is granted.
William L. Hadden, Jr., Judge