[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDA RE: MOTION TO VACATE # 120
This is an action that was commenced by writ summons and complaint dated March 23, 1988, with a return day of April 26, 1988. The process was returned to the court and stamped in the clerk's office on April 21, 1988. The complaint alleges that the plaintiff Rogozinski owned certain premises that were damaged by fire and makes claim against seven defendants in seven counts. Each count is directed at a separate defendant who is alleged to have been negligent in connection with the fire, count one — Marcel Dionne d/b/a Dionne and Sons ("Dionne"); count two — Willis A. Holmes, Jr. ("Holmes"); count three — Connecticut Light and Power ("CLP"); count four — Henry M. Osowiecki and Sons, Inc. ("Osowiecki"); count five — America Food Service Equipment Corporation d/b/a The Waterbury Store Fixture Company ("America Food"); count six — Vulcan-Hart Corp ("Vulcan"); and count seven — Regional Reporting Service of New England, Inc. d/b/a Regional Reporting Service ("Regional Reporting"). Thereafter appearances were filed by all defendants except Vulcan. On April 29, 1988 the defendant Osowiecki filed his Motion to Dismiss and was received by the court on May 6, 1988 Motion #101. The motion moved to "dismiss the plaintiff's action," on the following basis: "alleging insufficiency of process and service of process." Four other defendants filed similar motions to dismiss, Dionne #102 seeking to dismiss "the plaintiff's claim," Regional Reporting #103 seeking to "dismiss the plaintiff's claim," CLP motion #104.25 to dismiss "the above captioned action," America Food #106 seeking to "dismiss the above-captioned action." The defendant Holmes did not file a motion to dismiss.
On June 14 1988, McDonald, J filed his Memoranda of Decision dismissing the plaintiff's action because the writ was not returned within six days of the return day. The first sentence of Judge McDonald's opinion begins "Here present is a motion to dismiss the plaintiffs' suit' and the last line reads "accordingly, this court will grant the defendants' motion to dismiss." The lower court CT Page 4332-E decision was appealed to the Appellate Court and the Supreme Court transferred it to itself. In Rogozinski v. American Food ServiceEquipment Corporation, 211 Conn. 431 (1989), the Supreme Court upheld the decision of the trial court and stated "We conclude, therefore, that the trial court did not err in dismissing the plaintiffs' action for failure to file a return of process at least six days prior to the return date."
Three years and one month after the Supreme Court's decision, the plaintiff by Motion for Default dated September 9, 1992 moved to default Vulcan, the non-appearing defendant. This motion is granted on September 23, 1992. On October 16, 1992 the plaintiff filed a claim for the jury docket and a claim for the jury trial list. On November 16, 1995 the court sua sponte vacates the default and enters Judgement in accordance with the dismissal. The plaintiff through oral argument seeks to reverse the rulings of the undersigned dated November 16, 1995.
The plaintiff argues that the defect upon which the court granted the motion to dismiss is voidable since the defendants Vulcan and Holmes did not question the jurisdictional defect they have therefore waived it. The plaintiff is correct in distinguishing personal jurisdiction and subject matter jurisdiction. Personal jurisdiction as in the instant situation is waived unless timely questioned. Bergin v Bergin, 3 Conn. App. 566,569 (1985). The question then is whether all defendants must join the motion to dismiss an action, if some of the defendants seek to enforce this jurisdictional defect not with respect to their specific counts but to the entire action.
The court finds that the action of the trial court in dismissing the action was only as to the defendants who contested the court's jurisdiction despite the fact that their claims could reasonably be interpreted to include "all defendants." The failure of the defendants Vulcan and Holmes to object to the late return of process amounted to a waiver of this jurisdictional defect and the court cannot permit them to take advantage of the motions of the other defendants who properly and timely questioned said jurisdiction. Furthermore, in order to resolve this jurisdictional question in favor of the plaintiffs as against Vulcan and Holmes, the court will interpret Judge McDonald decision to Dismiss the action only as to the five defendants who timely contested the courts jurisdiction. The court will therefore will reopen the Judgement as to the defendants Vulcan and Holmes and vacate its previous order to vacate the default against the defendants Vulcan. CT Page 4332-F
PELLEGRINO, J.