[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER
On August 21, 1997, the plaintiff filed a writ, summons and complaint containing a return date of August 26, 1997. The defendants timely filed a motion to dismiss on the ground that the plaintiff returned process five days before the return date, one day later than is allowed by General Statutes § 52-46a.
"Facts showing the service of process in time, form, and manner sufficient to satisfy the requirements of mandatory statutes in that regard are essential to jurisdiction over the person." (Emphasis in original; internal quotation marks omitted.) Bridgeport v. Debek, 210 Conn. 175, 179-80,554 A.2d 728 (1989). CT Page 10424
"The grounds which may be asserted in [a motion to dismiss] are: (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; and (5) insufficiency of service of process." (Emphasis added.) Zizka v. Water Pollution ControlAuthority, 195 Conn. 682, 687, 490 A.2d 509 (1985), citing Practice Book § 143.
General Statutes § 52-46a requires that service of process be returned to the clerk at least six days before the return date.[1] "Any return made after six days is faulty and therefore voidable. The fact that the plaintiff was only [one day] late rather than twenty-three, seven or two days does not save this action from being untimely." Coppola v. Coppola,
Superior Court, judicial district of New Haven, Docket No. 377444 15 CONN. L. RPTR. 472 (Dec. 6, 1995) (Hadden, J.), aff'd,44 Conn. App. 930, cert. granted,241 Conn. 923, (1997).
In the present case, this court sympathizes with the plaintiff's predicament. Until the Supreme Court addresses this issue in Coppola, however, the plaintiff's late return of process "renders the action voidable." Coppola v. Coppola, supra, Superior Court, Docket No. 377444, citing Rogozinski v. AmericanFood Service Equipment Corporation, 211 Conn. 431, 559 A.2d 1110
(1989); Safford v. Morris Metal Products, 99 Conn. 372,121 A. 885 (1923); Bergin v. Bergin, 3 Conn. App. 566, 490 A.2d 543
(1985); Arpaia v. Corrone, 18 Conn. App. 539, 559 A.2d 719
(1989); Petzold v. Commissioner of Revenue Services,39 Conn. Sup. 247, 476 A.2d 1094 (1984) and LaMothe v. Gordon,15 Conn. Sup. 504 (1948).
The plaintiff, in support of his opposition to the defendants' motion to dismiss, primarily relies on ConceptAssociates, Ltd. v. Board of Tax Review, 229 Conn. 618,642 A.2d 1186 (1994). This court, however, aligns itself with those trial courts holding "that the analysis in the Concept case is not applicable to the present case. In Concept, the Supreme Court was dealing with a defective return date and applied [General Statutes § 52-72], which was enacted `to prevent the loss of jurisdiction merely because of a defective return date.' . . . The instant case does not involve a defective return day but rather an improper return of process." (Citation omitted.)Coppola v. Coppola, supra, Superior Court, Docket No. 377444. See also Shelansky v. Roivisto, Superior Court, judicial district of CT Page 10425 Hartford-New Britain at Hartford, Docket No. 533137 13 CONN. L. RPTR. 532 (Feb. 27, 1995) (Corradino, J.) (13 CONN. L. RPTR. 17); Barnett v. ZoningBoard of Appeals, Superior Court, judicial district of Stamford, Docket No. 138049 (Jan. 2, 1995) (Lewis, J.) (13 CONN. L. RPTR 1).
Therefore, in accordance with the above discussion, the motion to dismiss is granted.
D'ANDREA, J.