[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On July 2, 1997, the plaintiff, Vincent Larobina, filed in this court a fourteen count complaint against the defendants, Bank One, Texas and Bank One, Columbus. A summons is attached to the CT Page 12097 complaint.
On August 5, 1997, the defendants filed a motion (#104) to dismiss for lack of personal jurisdiction on the ground that "this case was not `returned to court' as required under [General statutes] § 52-46a." Specifically, the defendants point to the fact that "[n]o return of service is on file." (Defendants' memorandum.)
On August 20, 1997, the plaintiff filed an affidavit by "an indifferent person" (who is not a sheriff). The affiant claims that he served the defendants by mailing process by certified mail.
The court notes that the defendants are not arguing whether they were properly served. The defendants argue only that, pursuant to General Statutes § 52-46a the action should be dismissed because a sheriff's return was not filed in court with the summons and complaint.
"The grounds which may be asserted in [a motion to dismiss] are: . . . (2) lack of jurisdiction over the person[.] . . ." Zizkav. Water Pollution Control Authority, 195 Conn. 682, 687,490 A.2d 509 (1985), citing Practice Book § 143.[1]
General Statutes § 52-46a states: "Process in civil actions returnable to the [Superior Court] shall be returned . . . to the clerk of such court at least six days before the return day." General Statutes § 52-45a defines "legal process" as the "writ of summons or attachment, describing the parties, the court to which it is returnable, the return day and the date and place for the filing of an appearance."
In the present case, the plaintiff returned to the court a writ of summons describing the parties, the court to which it is returnable, the return day and the date and place for the filing of an appearance. Therefore, the plaintiff returned to the court the legal process as described by General Statutes § 52-46a.
The defendants cite William J. Petzold. Inc. v. Commissionerof Revenue Services, 39 Conn. Sup. 247, 476 A.2d 1094 (1984) as support for their argument. In William J. Petzold. Inc., the court was concerned only with the fact that "[t]he process including the complaint and summons was returned to the clerk . . . twenty-three days after the return date specified in the complaint and citation." William J. Petzold, Inc. v. Commissioner of Revenue
CT Page 12098Services, supra, 39 Conn. Sup. 248-9. "The pivotal issue [inWilliam J. Petzold, Inc., was] whether the plaintiff [could have avoided] the effect of a late return by amending the papers to show a later return day which [would have conformed] to the actual return to court." Id., 249.[2] William J. Petzold, Inc. is irrelevant to the present issue of whether the failure to file a sheriff's return with the summons and complaint renders the court without personal jurisdiction.
Since the defendants focus their argument solely on the ground discussed above, their motion to dismiss for lack of personal jurisdiction is denied.
So Ordered.
Dated at Stamford, Connecticut, this 12th day of November, 1997.
WILLIAM BURKE LEWIS, JUDGE