[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTIONS FOR TURNOVER AND COSTS
In this action, the plaintiff, Stephen Pomazi, d/b/a Pomazi Roofing, requests that the town of Guilford turn over property or assets payable to the defendant, Cristwood Contracting, Inc., pursuant to an order for prejudgment remedy served upon the Guilford assistant superintendent of schools. Concurrently, the town moves to recover costs for defending against the plaintiff's motion.
The plaintiff alleges the following facts. In 1994, the plaintiff entered into a written contract with the defendant to provide labor and materials for renovations and additions to the Melissa Jones primary school in the town of Guilford. The plaintiff subsequently complied with his obligations, but the defendant defaulted in making its payments under the contract.
In February, 1996, the plaintiff served a claim upon the defendant, pursuant to § 49-41a of the General Statutes, to enforce payment of $55,061.27, the amount of the debt. Shortly thereafter, the plaintiff also served a written demand upon the defendant for monies owed, plus interest, pursuant to §49-41a (b) of the General Statutes. The court subsequently issued an order for prejudgment remedy to attach the defendant's assets, specifically any undisbursed funds that the town owed or was required to pay the defendant for work done on the school addition. A New Haven deputy sheriff served the town with a copy of the order by delivering it to the assistant superintendent of schools. In April, 1998, the court entered judgment in favor of the plaintiff for $64,384.56, the amount of the debt plus interest and costs. Thereafter, plaintiff served a property execution upon the town's attorney. However, the return indicated that all town funds set aside for the school project had been disbursed in 1997, and that the execution could not be satisfied. CT Page 13796
The plaintiff has filed a motion for a turnover order directing the town to turn over the assets attached pursuant to the 1996 order for prejudgment remedy. In April, 1999, the town wrote a letter to the plaintiff reiterating that the town no longer held funds owed to the defendant. The town moves for costs.
 A. Motion for Turnover Order
Section 52-356b of the General Statutes provides, in relevant part, that "(a) If a judgment is unsatisfied, the judgment creditor may apply to the court for an execution and an order in aid of the execution directing the judgment debtor, or any third person, to transfer to the levying officer either or both of the following: (1) Possession of specified personal property that is sought to be levied on; or (2) possession of documentary evidence of title to property of, or a debt owed to, the judgment debtor that is sought to be levied on. (b) The court may issue a turnover order pursuant to this section, after notice and hearing or as provided in subsection (c), on a showing of need for the order."
The plaintiff argues that the order for prejudgment remedy attaching the town's assets was properly served upon the town when the sheriff delivered a copy of the order to the assistant superintendent of schools. The plaintiff therefore argues that the town must comply with the property execution and turn over the attached assets.
The town argues that the prejudgment remedy order was improperly served upon the board of education instead of the town. The town therefore argues that it never received proper notice and had no knowledge of the order. The town concludes that the order is invalid and that it cannot be bound by the plaintiff's defective attachment of town assets.
Section 52-280 of the General Statutes provides that "[a] writ of attachment shall be served by attaching the estate of the defendant," and that "[t]he officer serving the process shall leave with the [defendant] . . . a true and attested copy of the process and of the accompanying complaint . . . ." Thus, a valid attachment requires "due service upon the defendant of a copy of the process with a description of the property attached in the officer's certificate . . . ." Safford v. Morris Metal ProductsCT Page 13797Co., 99 Conn. 372, 376, 121 A. 885 (1923).
Section 52-57(b)(1) of the General Statutes provides that a town has proper notice in a civil action if service is made "upon its clerk, or assistant clerk, manager or one of its selectmen . . . ." "When a person upon whom service is to be made is designated by statute, service upon any other person as a purported representative is inadequate." Nelson v. Stop ShopCos., 25 Conn. App. 637, 641, 596 A.2d 4, cert. denied,220 Conn. 924 (1991); see also Tarnopol v. Connecticut Siting Council,212 Conn. 157, 163 n. 8, 561 A.2d 931 (1989).
The assistant superintendent of schools is not one of the persons designated by § 52-57(b)(1) upon whom process may be served. The plaintiff argues, however, that it was proper to give notice to the town by service upon the board of education because § 10-241 of the General Statutes states that a school district has the power to "build, equip, purchase and rent schoolhouses and make major repairs thereto . . . ." Therefore, the plaintiff argues that the superintendent of schools has an interest in this action. The plaintiff also points to the performance bond listing the owner of the project as the "Town of Guilford, Board of Education," and that the assistant superintendent of schools made no objection or response when she was served with the order.
Section 52-57(b) of the General Statutes distinguishes between service upon towns and service upon school districts. In this case, the order for prejudgment remedy specifically attached funds "owed or payable to [the defendant] by the Town of Guilford . . . ." Therefore, it is submitted that, even if the board of education had proper notice of the order under subsection (b) (4), governing service upon school districts, the requirements of subsection (b)(1), governing service upon towns, have not been met.
The plaintiff next argues that the town must have known about the prejudgment remedy order because the town's attorney was aware of the defendant's debt and advised plaintiff's counsel to file a claim against the performance bond. However, § 52-57
(b)(1) provides that proper notice requires service upon the town clerk, assistant clerk, manager or one of the town selectmen. Thus, the court may not assume that the town-had proper notice in the absence of service upon the individuals designated for this purpose by § 52-57(b)(1). CT Page 13798
The plaintiff finally argues that the town had sufficient funds to satisfy the prejudgment remedy order when service was made in 1996. However, even if true, it is submitted that the availability of funds in 1996 is irrelevant where the town was not properly served.
Accordingly, the plaintiff's motion for a turnover order is denied.
 B. Motion for Costs
Section 52-381 of the General Statutes provides that "[i]f judgment is rendered in favor of the plaintiff in any action by foreign attachment, all the effects in the hands of the garnishee at the time of the attachment, or debts then due from him to the defendant, and any debt . . . due or to become due the defendant from any garnishee . . . shall be liable for the payment of such judgment." However, § 52-381 also provides that, "if it appears that the defendant has no effects of such debtor in his hands or is not indebted to him, he shall recover costs."
The town argues that it should recover the costs of defending against the plaintiff's motion. The town argues that the plaintiff knew that the town had no resources with which to satisfy the prejudgment remedy order at least eight months before the plaintiff moved for a turnover order, when the sheriff returned the property execution in 1998. The town argues that similar information was contained in its letter to the plaintiff in April, 1999. The town accordingly argues that the plaintiff's motion for a turnover order has forced the town to expend its resources unnecessarily to defend itself.
The plaintiff argues that the town should not recover costs. The plaintiff argues that at the time it attempted to serve the prejudgment remedy order in 1996, the town had sufficient funds to satisfy the debt.
It is a general rule of statutory construction that a court must construe a statute in its entirety. See Green v. GeneralDynamics Corp. , 245 Conn. 66, 71, 712 A.2d 938 (1998). Furthermore, "legislative intent is to be determined by an analysis of the language actually used in the legislation." Caseyv. Northeast Utilities, 249 Conn. 365, 370, ___ A.2d ___ (1999). CT Page 13799
Construing § 52-381 in its entirety, the statute clearly states that a defendant may recover costs only if the defendant has no effects of a debtor in his hands or is not indebted to him "at the time of the attachment." (Emphasis added.) However, in this case, because the plaintiff failed to properly serve the town with a copy of the prejudgment remedy order in 1996, the town's assets were never validly attached. Therefore, the town may not recover costs under § 52-381. Moreover, even if the plaintiff had validly attached the town's assets in 1996, the town has established only that it did not have the assets required to satisfy the debt in 1998, two years after attachment was attempted.
Accordingly, the defendant town's motion for costs is denied.
SKOLNICK, J.