STATIA G. JAKABOSKI ET AL. *v.* THEODORE P. JAKABOSKI, EXECUTOR (ESTATE OF ADAM JAKABOSKI), ET AL.

SUPERIOR COURT      MIDDLESEX COUNTY      FILE NO. 18089

Memorandum filed March 13, 1968

*Robert L. Hurney,* of Middletown, for the plaintiffs.

*Macrides & Zezima,* of Stamford, for the defendants.

PALMER, J. This is an appeal from a decree of the Probate Court for the district of Haddam admitting a will to probate. The defendants plead in abatement and to the jurisdiction on the ground that the "appeal was not taken within one month after the decree of said Probate Court, dated November 11, 1966, was entered."

An evidentiary hearing on the defendants' plea disclosed the following facts. The judge of the Probate Court for the district of Haddam is George L.

Senning. John E. Larson, judge of the Probate Court for the district of Deep River, was cited in to hear the application to admit the will of Adam Jakaboski to probate. Judge Larson heard the application and by decree dated November 11, 1966, ordered the will admitted to probate. On that date Judge Larson mailed the decree to Judge Senning and mailed copies of it to counsel. The copy mailed to the plaintiffs' counsel was postmarked New London, and presumably the original was also mailed in New London. November 11, 1966, was veterans day and fell on a Friday. The decree was received by Judge Senning in Haddam on Monday, November 14, 1966, and was filed in the Haddam Probate Court on that day. On December 9, 1966, at 1:25 p.m., a motion for an appeal from the decree issued by Judge Larson, accompanied by a proper bond, was delivered to Judge Senning in Haddam. Judge Senning thereupon mailed the decree to Judge Larson, who allowed the appeal and ordered notice of the pendency thereof by a decree dated December 15, 1966. Accordingly, we have a situation where the plaintiffs did all they were required to do to take an appeal on December 9, 1966, which was within twenty-eight days after the date of the decree admitting the will to probate and within twenty-five days after that decree was filed in the Haddam Probate Court, but nevertheless the appeal was not allowed within thirty days.

Section 45-289 of the General Statutes provides: "All . . . appeals [from probate], by those of full age and present or who have legal notice to be present, shall be taken within thirty days . . . ." In *Fuller* v. *Marvin,* 107 Conn. 354, 356, the Supreme Court said: "All that the appellant is required to do in perfecting his appeal is to present his motion for the appeal to the court stating his interest . . . and to give a bond with sufficient surety to prosecute

the appeal to effect. . . . Upon compliance with these statutory requirements the court is obliged to allow the appeal." "The time limited for taking an appeal is computed from the date of the decree to the date of the order allowing the appeal, rather than to the date of filing the motion for appeal. These dates are *ordinarily contemporaneous;* but *if for some proper reason,* as for instance, because a proper bond is not filed with the motion for appeal, the order allowing the appeal is made at a later date, that date controls [italics supplied]." 1 Locke & Kohn, Conn. Probate Practice § 197. In the case at bar, no proper reason appears why the date of the order allowing the appeal should not have been contemporaneous with the filing of the appeal.

In *Heiser* v. *Morgan Guaranty Trust Co.,* 150 Conn. 563, the Court of Probate allowed an appeal even though it was not filed in the Probate Court within the requisite thirty days. The Supreme Court held this to be improper. The case, however, would appear to indicate that the date the person appealing files his motion for an appeal is of significance, and this is borne out by the language quoted from *Fuller* v. *Marvin,* supra.

There does not appear to be any case which is similar on its facts to the instant case. The plaintiffs did all that they were required to do, and the Probate Court failed and neglected to do what it was legally required to do, namely, allow the appeal forthwith. Whether the Probate Court was guilty of negligence, of inadvertence or of mistake in failing to do its legal duty should not deprive the innocent plaintiffs of their right to take an appeal. If the law was otherwise, a probate judge could wrongly and arbitrarily hold up the allowance of an appeal until after thirty days and thereby deprive an aggrieved person of his right to an appeal. If the

principle contended for by the defendants is valid, then an appealing plaintiff would be utterly without a remedy, despite the fact that the fault, as in this case, lies with the Probate Court, and the plaintiffs are wholly blameless.

The plea in abatement and to the jurisdiction is overruled.