[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE DATED DECEMBER 2, 1991
I.
Tawana Henderson brought this action for damages arising out of personal injuries she sustained as a result of a September 1989 automobile accident in Woodbridge, Connecticut. Ms. Henderson was a passenger in a vehicle owned and operated by Valerie L. King. This motion is brought by the defendants, Anthony D'Alto, Frank Germana, Laura Castricone, Italian Cable, LTD., and Peppino's Restaurant, Inc., d/b/a Peppino's Clam Bar.
In the fifth count, Tawana Henderson complains that Peppino's Clam Bar was negligent in the sale or service of liquor to the defendant, Giuseppe Micciche, who consequently became intoxicated and while so affected, allegedly caused a collision between his vehicle and the one operated by King. The defendants have moved to strike this count on the ground that Connecticut does not recognize in this context a common law cause of action for the negligent serving of alcohol. In counts seven, nine and ten, Tawana Henderson's son, Cameron, has sued for the loss of parental consortium and again these defendants have moved to strike those claims also on the ground that such a claim is not cognizable in Connecticut. Finally, the plaintiffs in their prayer for relief seek in part attorney's fees and the defendants move to strike that claim as being without authority in this bodily injury case.
 II.
Concerning the fifth count, framed against Pepino's Clam Bar for the allegedly "negligent sale and/or service of liquor" to Giuseppe Micciche, as the plaintiffs themselves note in their brief, Connecticut does not recognize such a common law cause of action. Quinnet v. Newman, 213 Conn. 343 (1990) (Peters, C.J. and Hull, J., dissenting). However, these plaintiffs ask this trial court "to take the admittedly bold, but ultimately inevitable step" to recognize this claim. Plaintiffs' Memorandum In Opposition To Motion To Strike, dated February 19, 1992 at 5. Such an argument must be made to our Supreme Court. It is not the function of a CT Page 4161 trial court "to re-examine or re-evaluate Supreme Court precedent." Brunswick v. Inland Wetlands Commission, 25 Conn. App. 543, 552-53
(1991). — Thus, the fifth count is ordered stricken.
 III.
Cameron Henderson, the son of the injured Tawana Henderson, in counts seven, nine and ten, has set forth a cause of action against separately named defendants for the loss of parental consortium. These defendants move to strike the three counts "because children do not have a cause of action for loss of consortium." Today, we are prepared to recognize such a claim for the loss of parental consortium by a minor child when, as here, it is joined for trial with the parent's claim. Kizina v. Minier, 5 Conn. Law Reporter No. 18, 481 (February 17, 1992, Santos, J.); Theama v. City of Kenoshe, 344 N.W.2d 513, 517-18 (Wis. 1984); Hibpshman v. Prudhoe Bay Supply, Inc., 784 P.2d 991 (Alaska 1987).[1] In Connecticut, we see the recognition of the minor child's claim as a logical extension in our common law of the recognized claim for loss of spousal consortium. Hopson v. St. Mary's Hospital, 176 Conn. 485
(1979). Allowing this right in behalf of the minor child is also, in our opinion, compelled by the State's public policy to strengthen the family and to protect children from injury and neglect as codified particularly in section 17a-101(a) of our statutes. Finally, the evolving recognition of a child's rights under the federal constitution and the increased awareness in the society of a parent's necessary role in the nurturing of the minor child also compel us to find these loss of parental consortium claims legally cognizable. The motion to strike counts seven, nine, and ten is denied. Kizina v. Minier, 5 Conn. Law Reporter No. 18, 481 (February 17, 1992, Santos, J.); Theama v. City of Kenoshe, 344 N.W.2d 513, 517-18 (Wis. 1984); Hibpshman v. Prudhoe Bay Supply, Inc., 734 P.2d 991 (Alaska 1987).
 IV.
Finally, the defendants move to strike the third paragraph of the plaintiffs' claims for relief wherein they seek attorney's fees in this tort case. The plaintiffs failed to brief this issue and thus, we deem the claim abandoned. Thus, the motion is also granted in this regard. Practice Book 155.
Orders may enter accordingly.
WILLIAM PATRICK MURRAY A Judge of the Superior Court