ISSUE
1. Whether the court should grant the defendant's motion to dismiss because the plaintiff failed to file this probate appeal within thirty days of the Probate Court's decree.
2. Whether the court should grant the defendant's motion to dismiss because the process in this action was not returned to court within at least six days of the return date.
FACTS
The plaintiff, Allen Blouin, alleges in his Motion for Appeal from Probate that he is aggrieved by an order and decree of the Probate Court for the District of Westbrook of January 9, 1992, admitting to probate a document purporting to be the last will and testament of Mildred Blouin. The plaintiff alleges in his memorandum in opposition to the defendant's motion to dismiss, #106, that he filed the appeal with the Probate Court on February 6, 1992. The Probate Court, however, did not allow the appeal until February 19, 1992.
Jean Blouin, one of several defendants, now moves to dismiss this action on the grounds that the appeal was not taken within thirty days of the decree appealed from pursuant to General Statutes Sec. 45a-187; see Fuller v. Marvin, 107 Conn. 354, 358,140 A. 731 (1928); and that the process in this action was not returned to court within six days of the return date pursuant to General Statutes Sec. 52-46a.
DISCUSSION
"Practice Book Sec. 143 provides in relevant part: `The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . . .'" Southport Manor Convalescent Center, Inc. v. Foley, 216 Conn. 11, 12 n. 1, 578 A.2d 646 (1990). "A motion to dismiss . . . `attacks the jurisdiction of the court . . . .'" Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991), quoting Baskin's Appeal from Probate, 194 Conn. 635, 640,484 A.2d 934 (1984). "The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided on that alone." Barde v. Board of Trustees, 207 Conn. 59, 62, CT Page 5406539 A.2d 1000 (1988).
I. Timeliness
 The right to appeal from a decree of the Probate Court is purely statutory and the rights fixed by statute for taking and prosecuting the appeal must be met. General Statutes Secs. 45-288, 45-289 [now General Statutes Secs. 45a-186, 45a-187]; Bergin v. Bergin, 3 Conn. App. 566, 568, 490 A.2d 543, cert. denied, 196 Conn. 806, 404 A.2d 903 (1985).
State v. Goggin, 208 Conn. 606, 615, 546 A.2d 250 (1988).
General Statutes Sec. 45a-187(a) provides that "[a]n appeal under section 45a-186 by those of the age of majority and who are present or who have legal notice to be present, shall be taken within thirty days."
The plaintiff alleges that he filed the instant action with the probate court on February 6, 1992, within the thirty-day period allotted by the statute. The plaintiff argues that this is the relevant date for judging the timeliness of the appeal. Jakaboski v. Jacaboski,28 Conn. Sup. 49, 50, 248 A.2d 786 (1968). The plaintiff further argues that the fact that the Probate Judge failed to allow the appeal within thirty days of the decree should not prevent the plaintiff from bringing this appeal. Id., 51.
The Jakaboski court held that a probate appeal is timely where it is timely filed with the Probate Judge, but the Probate Judge allows the appeal outside the time allotted by the statute if "no proper reason appears why the date of the order allowing the appeal should not have been contemporaneous with the filing of the appeal." Id. No proper reason appears why the date of the order allowing the appeal should not have been contemporaneous with the filing of the appeal in the present case. Accordingly, the appeal is timely.
II. Improper Return of Service
Jean Blouin argues that the failure of the plaintiff to return the process in this action to court at least six days prior to the return date renders the action subject to dismissal pursuant to General Statutes Sec. 52-46a. Jean Blouin argues that General Statutes Sec. 52-46a applies to probate appeals and that a later return of process is a substantive defect which cannot be cured by amendment. Bergin v. Bergin, supra, 568.
The plaintiff concedes that process was not timely returned to court.[1] The plaintiff has filed a motion to amend the return date and argues that if this motion is granted, this aspect of the motion CT Page 5407 to dismiss will be rendered moot.
Late return of process is not amendable. Bergin v. Bergin, supra, 569. Late return of process in a probate appeal renders the appeal subject to dismissal. Id.; Pilieri v. Knight, 5 CSCR 1029
(November 20, 1990, Thim, J.).
A probate appeal which has been dismissed due to late return of process may be recommenced under the accidental failure of suit statute. Pilieri v. Appeal from Probate, 6 CSCR 923, 924
(September 23, 1991, McGrath, J.).
CONCLUSION
Although the appeal was timely filed, the court grants the defendants' motion to dismiss because the process in this action was not returned to court within at least six days of the return date in accordance with General Statutes Sec. 52-46a.