[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO STRIKE (#107)
This case arises from an automobile accident which occurred on March 12, 1992. The plaintiff, Radha Bachanlal, passenger of a vehicle driven by Mary Skinner, alleges that the defendant, Demetrio L. Tindoy, driver of a second vehicle, negligently struck the car she was riding in at the intersection of Pondview Drive and Missionary Road located in Cromwell, Connecticut. The plaintiff, mother, alleges she suffered personal injuries as a result of the collision.
On August 28, 1992, the plaintiffs filed the present action with the court. On November 25, 1992, the defendants timely filed the present motion to strike count III of the plaintiffs' complaint with supporting memorandum of law, pursuant to Practice Book Sec. 151, et seq. The defendants argue that count III of the plaintiffs' complaint, which seeks damages for loss of parental consortium by the plaintiff's minor son, Ganesh Persand, should be stricken on the ground that the facts alleged in count III of the plaintiffs' complaint are legally insufficient to support a claim upon which relief can be granted.
On January 8, 1993, the plaintiffs timely filed CT Page 3465 their opposing memorandum of law to the defendants' motion to strike count III of the plaintiffs' complaint, pursuant to Practice Book Sec. 155. The plaintiffs argue that the Connecticut Superior Courts have recently recognized a minor child's cause of action for loss of parental consortium when brought with the injured parent's claim.
On January 25, 1993, the defendants' motion to strike was heard by this court.
 A motion to strike challenges the legal sufficiency of a pleading . . . [I]t admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings . . . The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail. (Citations omitted.)
Mingachos v. CBS, Inc., 196 Conn. 91, 108-109, 491 A.2d 368
(1985). Further, the court must construe the facts alleged in the pleadings most favorably to the pleader. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170,544 A.2d 1185 (1988). Practice Book Sec. 152 provides in relevant part that "[w]henever any party wishes to contest . . . the legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or any one or more counts thereof, to state a claim upon which relief can be granted, . . . that party may do so by filing a motion to strike the contested pleading or part thereof."
This case involves one of the two facets to the primary issue concerning a claim for loss of consortium involving the parent-child relationship:
 (1) Is there a cause of action in Connecticut for loss of consortium by a minor for injury to a parent; and
 (2) is there one for a parent for injury to their minor child. CT Page 3466
The present case involves the former facet, a child's loss of consortium claim resulting from a parent's injury. In Clark v. Romeo, 561 F. Sup. 1209, 1210 (D. Conn. 1983), the court, in a decision rendered by Judge Zampano, examined the pros and cons of the issue and concluded that there had been no definite ruling by an appellate court in Connecticut. The court stated that under these circumstances the function of the federal district court was to "guesstimate" the position of the Connecticut Supreme Court. Id. The court concluded that no cause of action exists for loss of consortium in the parent-child relationship where, as in the Clark decision, the cause of action was by a minor for loss of parental consortium. Id.
In Mahoney v. Lensink, 17 Conn. App. 130,141 A.2d 1088 (1988), in a decision rendered by Chief Justice Dupont, the court concluded that the right to consortium does not extend to the parent-child relationship. The court stated that "[t]he right to consortium is said to arise out of the civil contract of marriage and as such, does not extend to the parent-child relationship." Id., citing Hopson v. St. Mary's Hospital, 176 Conn. 485, 487, 408 A.2d 260 (1979).
To this point, there has been no ultimate appellate resolution of the issue of the right to bring a claim for loss of consortium involving the parent-child relationship.
In 1992, in the Judicial District for Waterbury, two Superior Court Judges, Santos and Murray, denied separate motions to strike concluding that a child may recover for loss of parental consortium for injuries to his or her parent. Henderson v. Micciche, 7 CSCR 583, 583-84 (May 1, 1992, Murray, J.); Kizina v. Minier, 5 CTLR 481, 482-83 (January 24, 1992, Santos, J.). Their reasoning appears to be somewhat social-legal engineering. Parenthetically, in Hinde v. Butler, 35 Conn. Sup. 292, 296, 408 A.2d 668 (Super.Ct. 1979), Judge Lexton found that consortium is an element of marriage and cannot be extended to children. This court concludes that there is no cause of action in Connecticut as alleged in the complaint; Count III.
Therefore, based on the aforementioned discussion, the defendants' motion to strike count III of the plaintiffs' complaint seeking recovery, by the plaintiff's minor son, for CT Page 3467 loss of parental consortium for injuries to his mother, is granted on the ground that the factual allegations of count III are legally insufficient to support a cause of action for loss of consortium.
It is so ordered.
HIGGINS, J.