[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS (#101.50) CT Page 3596
This is an appeal from the admission of a will of the late Maude Sargent by the Probate Court for the District of Saybrook at a hearing held November 5, 1992. On December 3, 1992, the plaintiff, Mary F. Sargent, filed a motion of appeal. The motion of appeal was accepted and granted by the said Probate Court on December 3, 1992. The appeal was served upon Patricia C. Robotham, the Executrix of the estate of Maude Sargent, on December 15, 1992 as of record appears.
The defendant, Robotham, filed a motion to dismiss accompanied by a memorandum of law dated January 25, 1993. The plaintiff filed a memorandum in opposition dated February 4, 1993.
"Practice Book Sec. 143 provides in relevant part: `The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . .'" Southport Manor Convalescent Center, Inc. v. Foley, 216 Conn. 11, 12, n. 1,578 A.2d 646 (1990). A claim that the plaintiff "lacks standing is a challenge to the subject matter jurisdiction of the trial court." Nationwide Mutual Ins. Co. v. Pasion, 219 Conn. 764,767, 594 A.2d 468 (1991); Monroe v. Horwitch, 215 Conn. 469,472, 576 A.2d 1280 (1990). "The motion to dismiss . . . `admits all facts well pleaded, invokes the existing record and must be decided upon that alone.'" Barde v. Board of Trustees, 207 Conn. 59, 62, 539 A.2d 1000 (1988), citing Perrys, Inc. v. Waterbury Redevelopment Agency, 157 Conn. 122,124, 249 A.2d 256 (1968).
The defendant argues that the plaintiff's appeal is defective because she failed to file her appeal within thirty days of November 5, 1992 as required by General Statutes Sec.45a-187. The defendant argues that although the motion of appeal and the decree from the Probate Court were dated December 3, 1992, the return of services shows that service was not made on the executrix until December 15, 1992. The defendant argues that because service was not made until December 15, 1992, the plaintiffs appeal was actually filed ten days beyond the thirty day deadline of December 5, 1992. Therefore, the defendant argues that the motion to dismiss should be granted because plaintiff failed to take her appeal within the thirty days allowed by General Statutes Sec.45a-187. CT Page 3597
The plaintiff argues that the filing of the motion of appeal with the Probate Court within thirty days was sufficient to satisfy the requirements of General Statutes Sec.45a-187. The plaintiff argues that there is no requirement that service of appeal must be made to the executrix and returned within the thirty day time limit. Therefore, the plaintiff argues that when the motion for appeal was filed with the Probate Court and the motion was granted on December 3, 1992, it was granted within thirty days of the November 5, 1992 hearing and the requirements of General Statutes Sec.45a-187 were met.
 The right to appeal from a decree of the Probate Court is purely statutory and the rights fixed by statute for taking and prosecuting the appeal must be met. General Statutes Secs. 45-288, 45-289 [now General Statutes Secs. 45a-186, 45a-187]; Bergin v. Bergin, 3 Conn. App. 566, 568, 490 A.2d 543, cert, denied, 196 Conn. 806, 404 A.2d 903 (1985).
State v. Goggin, 208 Conn. 606, 615, 546 A.2d 250 (1988).
General Statutes Sec. 45a-186 provides the right to appeal to the Superior Court "any order, denial or decree of a court of probate in any matter . . ." General Statutes Sec.45a-186. General Statutes Sec. 45a-187(a) provides that "[a]n appeal under Section 45a-186 by those of the age of majority and who are present or who have legal notice to be present, shall be taken within thirty days."
An appellant must file his appeal within thirty days as required by General Statutes Sec. 45a-187(a). Heiser v. Morgan Guaranty Trust Co., 150 Conn. 563, 566-67, 192 A.2d 44
(1963); Phinney v. Rosgen, 162 Conn. 36, 42, 291 A.2d 218
(1971); Robinson v. Guman, 163 Conn. 439, 442, 444,311 A.2d 57 (1972); kron v. Thelen, 178 Conn. 189, 195-96, 423 A.2d 857
(1979); Xavier Society v. McManus, 185 Conn. 25, 29,440 A.2d 807 (1981). "The effect of a failure to file an appeal on time is to make the appeal voidable but not void. Orcutt's Appeal, 61 Conn. 378, 386. The general rule is that the thirty day period runs from the date on which a decree is entered. Willard v. McKone, 155 Conn. 413, 421, 232 A.2d 322
CT Page 3598 (1967).
"`The time limited for taking an appeal is computed from the date of the decree to the date of the order allowing the appeal . . .'" Jakaboski v. Jakaboski, 28 Conn. Sup. 49,51, 248 A.2d 786 (1968), citing 1 Locke Kohn, Conn. Probate Practice Sec. 197. "All that the appellant is required to do in perfecting his [probate] appeal is to present his motion for appeal to the court stating his interest (General Statutes Sec. 5075), and to give a bond with sufficient surety to prosecute the appeal to effect." Fuller v. Marvin, 107 Conn. 354,356, 105 At 731 (1928). The date the motion for appeal is filed with the Probate Court is the relevant date for judging the timeliness of the appeal. Jakaboski, supra, 51, Blouin v. Blouin, 6 CTLR 560, 561 (Austin, J., June 16, 1992).
The plaintiff's motion for appeal was properly filed within the thirty days provided for in General Statutes Sec.45a-187. The decree of the Probate Court was entered on November 5, 1992. The plaintiff had thirty days from November 5, 1992, or until December 5, 1992 to file her appeal. The plaintiff met this requirement when her motion for appeal was filed, accepted and granted on December 3, 1992. It is of little consequence that the executrix was not served until December 15, 1992, because the proper date for determining the timeliness of an appeal from the Probate Court is the date the appeal is filed with the Probate Court and not the date service is made upon the executrix.
The motion to dismiss is denied.
HIGGINS, J.