[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, Anesthesia Associates of New Haven, P.C., has moved to strike those portions of the complaint in which the minor children of the decedent, Clinton Wright, seek damages for loss of their father's affection, guidance and companionship.
The defendant claims that damages for loss of parental consortium may not be recovered by children of a decedent in a wrongful death action.
The first count of the complaint brought by Antoinette R.G. Wright seeks damages for loss of spousal consortium. The defendant's motion to strike is not addressed to this claim, which is governed by 52-555a C.G.S., but challenges only the third, fourth, and fifth counts, in which the decedent's three children seek damages for loss of their father's "affection, society, moral support, guidance, services, role model and companionship. "
A motion to strike challenges the legal sufficiency of a pleading, Mingachos v. CBS Inc., 196 Conn. 91, 108 (1985). The test for deciding whether to grant a motion to strike is whether, if the facts alleged are taken as true, the allegations state a cause of action. County Federal Savings and Loan Ass'n. v. Eastern Associates, 3 Conn. App. 582, 585 (1985).
While a number of Supreme Court judges have recognized a common law cause of action for loss of parental consortium in the context of injuries, rather than death; see, e.g., Beckwith v. Akus, 8 Conn. L. Rptr. No. 15, 487 (4/12/93) Kizina v. Minier, 5 Conn. L. Rptr. No. 18, 481 (2/17/92); Henderson v. Micciche,7 CSCR 583 (5/18/92); the question before this court is different whether any such cause of action exists as to a claim of post damages in a claim for wrongful death.
The Connecticut Supreme Court has repeatedly held that in Connecticut, where Lord Campbell's Act has not been the model, damages resulting from death are recoverable only to the extent that they are made so by statute. Lynn v. Haybuster Mfg. Inc.,226 Conn. 282, 295 (1993); Ladd v. Douglas Trucking Co., 203 Conn. 187, CT Page 10269 196-97 (1987); Foran v. Carangelo, 153 Conn. 356, 359 (1966). The Connecticut wrongful death statute, 52-555 C.G.S. provides for recovery by the executor or administrator of the estate for damages to the estate with a focus on damages sustained by the decedent, not by his family. Ladd, supra, at 197. There is no statutory provision for recovery for loss of parental or filial consortium.
The plaintiff's suggestion that this court should recognize such a cause of action for reasons of public policy cannot be followed in view of the Supreme Court's unequivocal statement that "[w]hether the vantage point for measuring [losses resulting from death] should be shifted from the decedent, who can never actually experience them to the family members on whom they are in fact imposed, as is done under statutes similar to Lord Campbell's Act, is a question for the legislature to resolve." Ladd, id. 197.
While the availability of recovery for loss of a parent's services may be available under the common law as to claims of injury, this court is constrained by the statutory nature of wrongful death actions to hold that such recovery is not authorized in a wrongful death case.
The motion to strike counts three, four and five of the complaint is granted.
Beverly J. Hodgson, Judge