[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON MOTION TO DISMISS PROBATE APPEAL
FACTS
The following arises out of the termination of the plaintiff-father's parental rights in his daughters on December 31, 1996, by the probate court of the district of Newington. The plaintiff filed a motion for appeal on January 17, 1997, requesting that the appeal be heard before the Superior Court for Juvenile Matters on February 24, 1997. This motion was granted by the probate court on January 27, 1997, and ordered the parties to return to the Superior Court for CT Page 6168-D Juvenile Matters on February 24, 1997.
On February 20, 1997, the defendant-mother filed a motion to dismiss the plaintiff's appeal, accompanied by a supporting memorandum of law, on the ground that the court lacked subject matter jurisdiction. On February 24, 1997, the parties appeared in Superior Court in accordance with the order on the probate decree permitting the plaintiff's appeal. On the same day, ostensibly in response to the defendant's motion to dismiss, the plaintiff served the defendant with a new summons for the appeal, which contained a return date of March 11, 1997. On March 13, 1997, the defendant filed an amended memorandum of law in support of her motions to dismiss. On April 7, 1997, the plaintiff filed objections to the motion to dismiss, along with reasons for the plaintiff's appeal. The defendant subsequently filed a reply brief on April 16, 1997.
DISCUSSION
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). The motion to dismiss is used to attack lack of CT Page 6168-E subject matter jurisdiction or improper venue. See Practice Book § 143.
"The time limited for taking an appeal is computed from the date of the decree to the date of the order allowing the appeal, rather than to the date of filing the motion for appeal. These dates are ordinarily contemporaneous, but if for some properreason . . . the order allowing the appeal is made at a later date, that date controls." Jakaboski v. Jakaboski,28 Conn. Sup. 49, 51, 248 A.2d 786 (1968), citing 1 Locke Kohn, Conn. Probate Practice § 197. "All that the appellant is required to do in perfecting his probate appeal is to present his motion for appeal to the court stating his interest . . . and to give a bond with sufficient surety to prosecute the appeal to effect. Upon compliance with these statutory requirements the court is obliged to allow the appeal." Fuller v. Marvin, 107 Conn. 354, 356,105 A. 731 (1928). Failure to act by the probate court does not defeat the probate court's jurisdiction over the appeal. "Whether the Probate Court was guilty of negligence, of inadvertence or of mistake in failing to do its legal duty should not deprive the innocent plaintiffs of their right to take an appeal." Jacaboskiv. Jacaboski, 23 Conn. Sup. 49, 51, 248 A.2d 786 (1968).
The defendant argues that this court lacks subject matter jurisdiction for three reasons: (1) neither the motion for appeal CT Page 6168-F nor the probate court's decree allowing the appeal contain a return date; (2) failure to return service to the Superior Court for Juvenile' Matters; and (3) failure to state the reasons for the appeal in his motion pursuant to Practice Book § 194.[1]
 A. Lack of a return date and failure to return process to the Superior Court
The defendant asserts that failure to include a return date on the summons and complaint deprives the court of subject matter jurisdiction. The defendant further maintains that this court lacks jurisdiction because the plaintiff failed to return process of the original summons to the Superior Court. Because the court finds that these two grounds are interrelated, the court will address them together.
The probate court had the duty to supply a return date for the plaintiff's appeal. See State ex rel. Rowland v. Smith,91 Conn. 110, 113 (1916); Weidlich v. Comley, 18 Conn. Sup. 479,481 (1953). Failure to act by the probate court does not defeat the probate court's jurisdiction over the appeal. SeeJacaboski v. Jacaboski, supra, 23 Conn. Sup. 51. Accordingly, failure by the probate court to supply a return date on the plaintiff's original summons served on January 31, 1997 should CT Page 6168-G not defeat the plaintiff's appeal. The probate court ordered the parties to appear in Superior Court on February 24, 1997 upon granting the plaintiff's motion to appeal and the parties did appear in Superior Court.
This court also finds that General Statutes § 52-72, which allows amendment to defective civil process, saves the plaintiff's appeal. General Statutes § 52-72 (a) provides: "Any court shall allow a proper amendment to civil process which has been made returnable to the wrong return day or is for anyother reason defective, upon payment of costs taxable upon sustaining a plea in abatement;" (Emphasis added.) General Statutes § 52-72 (b) continues: "Such amended process shall be served in the same manner as other civil process and shall have the same effect, from the date of the service, as if originally proper in form."
"The purpose of General Statutes § 52-72 is to provide for [the] amendment of otherwise incurable defects that go to the court's jurisdiction . . . ." (Citations omitted; internal quotation marks omitted.) Concept Associates, Ltd. v. Board ofTax Review, 229 Conn. 618, 623, 642 A.2d 1186 (1994). "As a remedial statute, § 52-72 must be liberally construed in favor of those whom the legislature intended to benefit . . . ." (Citations omitted; internal quotation marks omitted.) Id., 623. CT Page 6168-H The statute is mandatory, rather than directory. See AndoverLimited Partnership I v. Board of Tax Review, 232 Conn. 392, 399,655 A.2d 59 (1995).
General Statutes § 52-72 may be applied in cases where the return date is completely absent, rather than just flawed. "[F]or purposes of mesne process, a probate appeal is considered a civil action. . . . [T]his court is satisfied that General Statutes § 52-72 applies specifically to defects in the return date. As a result, since a probate appeal is considered a civil action for mesne process, and since General Statutes §45a-189[2] applied generally to any defect in the form of a probate appeal, the defective process, the lack of a return date, could be corrected according to the specific provisions of General Statutes § 52-72, instead of the more general provisions of General Statutes § 45a-189. . . . Therefore, the court's jurisdiction over the subject matter of the instant action is not conditioned upon compliance with General Statutes § 45a-189, when it amends process to cure a defect in the return date." Connecticut National Bank v. Cooper, Superior Court, judicial district of Danbury, Docket No. 311783 9 CONN. L. RPTR. 176 (May 26, 1993) (Moraghan, J.).
This court further finds that failure to supply a return date is a circumstantial defect in light of the probate court's order CT Page 6168-I that the parties appear in Superior Court on February 24, 1997, and the parties did so appear. The defendant had adequate notice of the plaintiff's appeal and was not prejudiced by the lack of a return date on the original summons. See Cristwood Contracting.Inc. v. Badera, Superior Court, judicial district Hartford-New Britain at New Britain, Docket No. 464443 (March 9, 1995) (Handy, J.) ("the failure to include a return date on the summons is not fatally defective in that the defendant was adequately notified of the proceedings as the return date was included with the application on another document. Moreover, like the signed documents, the defective return date is amendable and therefore is a curable circumstantial defect as well."); Regan v. StateDept. of Social Services, Superior Court, judicial district of New Haven at New Haven, Docket No. 379879 (July 31, 1996) (Corradino, J.) (17 CONN. L. RPTR. 263, 264).
Accordingly, because (1) the plaintiff may amend the absence of a return date pursuant to General Statutes § 52-72 (a); (2) the plaintiff did so amend the process by serving the defendant with a new summons on February 24, 1997 containing a return date of March 11, 1997; (3) General Statutes § 52-72
(b) provides that the amended process served on February 24, 1997, is controlling; (4) return of service of the February 24, 1997 summons was made to the Superior Court; and (5) the defendant had notice of the appeal and did appear in the Superior CT Page 6168-J Court on February 24, 1997; this court finds that it does have subject matter jurisdiction to hear the plaintiff's appeal.
B. Failure to state reasons for the appeal
The defendant also argues that this court lacks jurisdiction because the plaintiff failed to state the reasons for the appeal in the motion for appeal within ten days of the return day pursuant to Practice Book § 194.
The failure to state reasons for an appeal is not a proper ground for dismissal. "The plaintiff's failure to state such reason [of appeal] might in some instances render his appeal subject to being struck, but dismissal is not proper unless it is undisputed as a question of fact that such reasons do not exist."Baskin's Appeal from Probate, 194 Conn. 635, 641 n. 9,484 A.2d 934 (1984). See also Barlow v. Pocsay, 21 Conn. Sup. 352, 354,154 A.2d 753 (1959) ("Reasons of appeal relate to trial and do not affect the jurisdiction of this court."); Rizzo v. Magnano,
Superior Court, judicial district of Middlesex, Docket No. 67079 (August 12, 1993) (Higgins, J.) (9 CONN. L. RPTR. 545, 8 CSCR. 933) (citing Baskin's Appeal from Probate, supra,194 Conn. 641 n. 9; and holding that failure to file reasons for an appeal in compliance with Practice Book § 194 is not fatal to the appeal); Frank v. Frank,
Superior Court, judicial district of Middlesex, Docket No. 66226 CT Page 6168-K (December 22, 1992) (Walsh, J.) (holding that failure to file reasons for appeal does not deny the court of subject matter jurisdiction); Mayo v. Olmstead, Superior Court, judicial district of Litchfield, Docket No. 055526 (August 26, 1991) (Pickett, J.) (same).
Moreover, the plaintiff did submit reasons for his appeal, albeit untimely, on April 11, 1997, in conjunction with the plaintiff's objection's to the defendant's motion to dismiss. These reasons adequately appraised the defendant of the plaintiff's grounds for appeal.
Accordingly in light of (1) the holdings that find that failure to submit reasons for an appeal do not defeat this court's jurisdiction; and (2) the plaintiff's eventual submission of the reasons for his appeal, this court denies the defendant's motion to dismiss on the ground of the plaintiff's failure to file reasons for appeal within the time frame provided by Practice Book § 194.
CONCLUSION
The court has subject matter jurisdiction to hear the plaintiff's appeal. Accordingly, the defendant's motion to dismiss is denied. CT Page 6168-L
By the court,
Peter Emmett Wiese, Judge