[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS #101
Presently before the court is the appellee's motion to dismiss the appellant's appeal from an order of the Probate Court. The motion should be denied.
Appellant appeals from an order of the West Haven Probate Court issued on July 21, 1997. Appellant, Brian T. Fischer, filed his motion for appeal from probate on August 20, 1997, which appeal the Probate Court allowed on August 21, 1997. The appeal was then filed in Superior Court on September 4, 1997. On September 9, 1997, the appellee Elias Jaser filed a timely appearance, and on September 29, 1997, he filed a timely motion to dismiss with an accompanying memorandum of law.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court."Gurliacci v. Mayer, 218 Conn. 531, 544. "[T]he court, in deciding a motion to dismiss, must consider the allegations of the complaint in their most favorable light." Savage v. Aronson, 214 Conn. 256, 264. "The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone. . . ." Barde v. Board ofTrustees, 207 Conn. 59, 62.
The proper vehicle to challenge an untimely appeal from probate is a motion to dismiss. Phinney v. Rosgen, 162 Conn. 36, 41.
An appeal of an order, denial, or decree of a court of probate ". . . shall be taken within thirty days." General Statutes § 45a-187. In the present case, it is not contested that the appellant had notice of the court's decree on the date of entry, July 21, 1997, and that the appellant had thirty days from that date to take an appeal.
The first ground offered by the appellee to dismiss the appeal is that the appeal was not timely filed. The appellee states that pursuant to General Statutes § 45a-187, the appellant had 30 days to appeal the Probate Court's July 21, 1997 order and decree. The appellee argues that CT Page 204 counting from the July 21 decree at issue in the present case, the final date for taking the appeal (the thirtieth day) was August 19. The appellee further argues that both August 21, the date on which the order allowing the appellant's appeal entered, and August 20, the date of the filing of the motion for appeal were dates outside the 30-day appeal period.
The appellant argues that an appellant who files a motion for appeal within the 30-day period set by the statute will not be deprived of his right to appeal if the Probate Court does not simultaneously issue the allowance of the appeal. Fuller v. Marvin, 107 Conn. 354, 356; Jakaboski v.Jakaboski, 28 Conn. Sup. 49. This court agrees.
Plaintiff's motion to appeal in the present case, which was filed in the Probate Court on August 20, 1997, was timely; "[t]he general rule is that where a period of time is to be calculated from a particular date or event, the day of such event is excluded from the computation." DeTeves v. DeTeves,202 Conn. 292, 297 n. 7. Excluding July 21 from the calculation, the thirtieth day from the Probate Court's entry of its order and decree was August 20, the date that the appellant filed his motion for appeal. That the Probate Court entered its decree one day later than the thirtieth day does not affect the timeliness of the appellant's motion. The court in Jakaboskiv. Jakaboski, supra, 28 Conn. Sup. 51, noted that the date of the order allowing the appeal from probate and the date of the filing of the motion for appeal are "ordinarily contemporaneous." Where, as in the present case, "no proper reason appears why the date of the order allowing the appeal should not have been contemporaneous with the filing of the appeal," the appeal will be considered timely when the motion for appeal is filed within thirty days. Jakaboski v. Jakaboski, supra, 28 Conn. Sup. 51.
Appellee's motion to dismiss on the ground that the appellant's appeal is untimely is denied.
The second ground offered by the appellee for dismissing the appeal is that the appellant has failed to file timely reasons for appeal as required by Practice Book § 194. Section 194 states in pertinent part that "in all appeals from probate the appellant shall file reasons of appeal . . . within ten days after the return day." The appellee argues that "[i]nasmuch as no known reasons for appeal have been filed in this appeal [the appellee] is in effect left unable to respond with responsive pleadings. These are valid grounds for this court to dismiss this appeal."
The appellant argues in opposition to the appellee's motion to dismiss that the late filing of reasons of appeal is not a basis for dismissing the appeal. Furthermore, the appellant argues that reasons of appeal were filed in the present case on October 1, 1997, and that "a Motion for Extension of CT Page 205 Time Within Which to File reasons of Appeal [has been filed] in order to cure any technical deficiency claimed by the Appellee."[1]
An appellant's failure to file reasons of appeal within ten days after the return day, as required by Practice Book § 194, is not fatal to the appeal. Baskins Appeal from Probate, 194 Conn. 635, 641 n. 9 (1984); Kiely v. Yelder, 4 C.S.C.R. 841; Rizzo v. Estate of LucyMagnano, 9 CONN. L. RPTR. 545.
Appellee's motion to dismiss the appellant's appeal on the ground that the appellant as failed to file timely reasons for appeal is denied.
Accordingly, the motion to dismiss is denied.
FRACASSE, J.