[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Rebecca Smith, appeals from an order of the Probate Court for the District of Stafford, Connecticut, allowing the payment of fees from the estate of Paul Bray to attorney Susan Lee Heintz in the amount of $2285.41. Smith appeals pursuant to General Statutes §45a-186.
 Background Facts
The record from the Probate Court reveals the following facts. On July 30, 1999, the Probate Court appointed Susan N. Lee, now Susan Lee Heintz, as an attorney to represent the interests of Paul A. Bray regarding an application for appointment of temporary conservator of the estate and person of Paul Bray. The application was filed by Paul A. Bray's daughter, Rebecca Smith (Smith). On December 17, 1999, Paul A. Bray II (Andy Bray) and Smith were appointed as co-conservators of the estate of Paul A. Bray, and Andy Bray was appointed co-conservator of the person of Paul A. Bray. Andy Bray requested that the Probate Court remove him as co-conservator of the estate on March 9, 2000. Susan Lee Heintz filed for approval of her fees and removal/resignation as attorney for Paul A. Bray on June 12, 2000. On June 23, 2000, the Probate Court approved attorney's fees for Heintz in the amount of $1875.00 for the period from July 30, 1999 to April 27, 2000. The issues of accepting resignation of the ward's attorney and removal of the co-conservator of the estate were continued to July 15, 2000.[1]
The decedent executed his last will and testament on December 1, 1999, which Rebecca Smith contested on the basis of lack of testamentary capacity and undue influence. The Probate Court admitted the will to probate on November 2, 2000, finding that the will was duly executed pursuant to General Statutes § 45a-251 and that the decedent had the CT Page 9901 requisite testamentary capacity at the time the will was executed. The Probate Court also held that the decedent was not unduly influenced in the execution of his will.
The will appoints Smith and Andy Bray as co-executors of the estate of Paul A. Bray. On December 11, 2000, Andy Bray requested "that another individual be substituted as fiduciary of the estate." Smith filed a motion to remove Andy Bray as co-executor of the estate on December 20, 2000. Smith also filed a memorandum in opposition to Andy Bray's motion for removal of Smith as co-executor filed by Andy Bray.[2] On February 9, 2001, Smith filed a motion to terminate the services of Heintz as attorney for Paul A. Bray.
On February 27, 2001, the Probate Court issued findings and an order to pay certain claims. The Probate Court approved attorney fees for Heintz in the amount of $2285.41. The court also ordered that Heintz be released from her duties as court appointed attorney for Paul A. Bray. On March 7, 2001, Smith filed a request for reconsideration of the order to pay attorney's fees to Heintz.
On March 19, 2001, Smith filed a motion for appeal from the Probate Court order. Judge Thomas Fiore allowed the appeal on March 22, 2001. The Probate Court returned five copies of the appeal and the order allowing the appeal. The Probate Court stated that Smith should arrange for service by a proper officer "who must leave a copy with each one named in the decree who receives service, and must leave another copy with his doing endorsed thereon in the office of the clerk of the Superior Court, and that the officer will make further return on the original order which we retain in this court. This return should show not only the service made by him on those named in the decree, but also the return of the attested copy to the clerk of the Superior Court." The marshal served the clerk of the Tolland Superior Court on March 29, 2001. (State Marshal's Return.) On April 2, 2001, the marshal served the co-executor, and, on April 3, 2001, the marshal served Heintz. (State Marshal's Return.) The original appeal with the return of service was filed with the Probate Court on April 4, 2001, pursuant to the Probate Court's instructions. (Affidavit of State Marshal, Sharon Uhlman.) The appeal was filed in the Superior Court on May 10, 2001.
On May 14, 2001, Heintz filed a motion to dismiss the appeal based on lack of subject matter jurisdiction and a memorandum of law in support of motion to dismiss. Smith filed a memorandum in opposition to the motion to dismiss on May 29, 2001. The court conducted a hearing on the motion to dismiss on May 29, 2001.
"A motion to dismiss . . . properly attacks the jurisdiction of the CT Page 9902 court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis omitted; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." (Internal quotation marks omitted.) Sadloski v.Manchester, 235 Conn. 637, 645-46 n. 13, 668 A.2d 1314 (1995). "In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." Pamela B. v. Ment, 244 Conn. 296, 308,709 A.2d 1089 (1998).
 I
Heintz argues that Smith is not aggrieved and that the appeal was untimely. Heintz argues that Smith lacks aggrievement because Smith's co-executor, Andy Bray, has not joined in the appeal. Heintz also contends that the approval of the fees for Heintz was based on an agreement of the parties and, accordingly, it is not a decree of the Probate Court. Heintz further asserts that the appeal was filed with the Superior Court after the thirty day period to do so had expired.
Smith argues that she is aggrieved because she is an heir at law of the decedent, she is a co-executrix of the decedent's estate, and an heir under the decedent's will. Smith asserts that she has a pecuniary interest in the order because "payment by the estate of any bills for bogus services will reduce the amount of the estate passing to the heir and therefore the Appellant would receive less." Smith also contends that the appeal was timely because the motion for appeal was received by the Probate Court on March 19, 2001 and the appeal was allowed by the Probate Court on March 22, 2001.
 A.
"The right to appeal from a decree of the Probate Court is purely statutory and the rights fixed by statute for taking and prosecuting the appeal must be met. General Statutes §§ 45-288, 45-289 [now General Statutes §§ 45a-186, 45a-187]; Bergin v. Bergin, 3 Conn. App. 566,568, 490 A.2d 543, cert. denied, 196 Conn. 806, 404 A.2d 903 (1985)."State v. Goggin, 208 Conn. 606, 615, 546 A.2d 250 (1988). "To prosecute an appeal from a Probate Court decree, the plaintiff must be aggrieved by that decree. . . . The plaintiff's interest must appear in the motion to appeal or on the face of the proceedings and records. . . . If it does not appear from these documents that the plaintiff is aggrieved, the Superior Court has no subject matter jurisdiction over the appeal, and it is, CT Page 9903 therefore, subject to dismissal." Zampsky's Appeal from Probate,6 Conn. App. 521, 524, 506 A.2d 1050 (1986).
"The jurisdictional requirement of aggrievement serves both practical and functional purposes to assure that only those parties with genuine and legitimate interests are afforded an opportunity to appeal. MerrimacAssociates, Inc. v. DiSesa, 180 Conn. 511, 516, 429 A.2d 967 (1980)."Buchholz's Appeal from Probate, 9 Conn. App. 413, 415, 519 A.2d 615
(1987). "Aggrievement falls within two broad categories, classical and statutory. The factors involved in whether classical aggrievement exists are tempered by the subject matter of the litigation. Classical aggrievement usually requires that the party claiming aggrievement has a direct pecuniary interest in the outcome of the litigation. . . . Because of the types of issues often presented in probate appeals, however, the concept of aggrievement in such cases has evolved into a broader standard than that requiring a showing of a direct pecuniary interest." (Citations omitted.) Id. "A two-prong analysis is used in probate appeals to determine whether a party is classically aggrieved by a denial, decree or order of a court of probate as provided by General Statutes § 45-288
[now General Statutes § 45a-186]. . . . That analysis includes a consideration of(1) the nature of the appellant's interest, and (2) the adverse effect, if any, of the Probate Court's decision on that interest." Id.
General Statutes § 45a-186 (a) provides, in pertinent part' that "any person aggrieved by any order, denial or decree of a court of probate in any matter, unless otherwise specially provided by law, may appeal therefrom to the Superior Court. . . ." The motion for appeal states that Smith is "an heir at law of the deceased, a co-executrix of the decedent's estate, and an heir under his will." (Motion for Appeal, ¶ 1.) The motion for appeal further states that "payment in full of the amount invoiced by the Attorney [Heintz] is more than the amount the Attorney is entitled and constitutes a waste of assets of the estate." (Motion for Appeal, ¶ 4.) The motion for appeal also states that Smith is aggrieved by the Probate Court decree issued on February 27, 2001, ordering payment of Heintz's attorney fees.
Smith has alleged an interest in the subject matter of the decree based on both her interest as a beneficiary of the estate of the decedent and as a co-executrix of the estate of the decedent. Smith has further alleged that her interest is adversely affected because Heintz's fees were for services unrelated to Heintz's representation of Paul A. Bray. Smith claims that the payment of Heintz's fees constitutes a waste of assets of the estate, and therefore, the Probate Court decree ordering the estate to pay Heintz's fees adversely affects Smith's interest in the decedent's estate. CT Page 9904
"In determining whether an appellant has a grievance . . . the question is whether there is a possibility, as distinguished from a certainty, that some legally protected interest which he has in the estate has been adversely affected." (Citations omitted; internal quotation marks omitted.) Erisoty's Appeal From Probate, 216 Conn. 514, 519, 582 A.2d 760
(1990). Smith has alleged facts in her complaint that demonstrate there is a possibility that her interest as an heir of the estate may be adversely affected by the Probate Court's decree. Accordingly, the court finds that Smith is aggrieved as an heir under the decedent's will.
 B.
Smith is also aggrieved as the co-executrix because "[t]he administrator or executor represents the interests of the other creditors and heirs or legatees and devisees. He or she is under a duty to preserve those interests against depletion by allowance of unjustified or doubtful claims." R. Folsom, Connecticut Estates Practice: Probate Litigation (1992) § 7.2, p. 245. The executor or administrator of an estate has a duty to oppose unfounded claims against the decedent's estate.Gillette's Appeal, 82 Conn. 500, 501, 74 A. 762 (1909). Accordingly, the executor or administrator is an aggrieved party for the purposes of bringing an appeal from a Probate Court decree allowing the payment of claims against the estate. The court also finds that Smith is aggrieved as co-executnx of the estate of Paul A. Bray.
"Co-executors are in the law as one person and the ordinary acts of one executor bind all executors." G. Wilhelm and R. Folsom, Connecticut Estates Practice: Wills (1986) § 16:7, n. 1, p. 147. There is no support in the caselaw or statutes for Heintz's argument that both co-executors must join in an appeal from a Probate Decree to establish aggrievement. Accordingly, the court holds that joinder of the co-executor is unnecessary for Smith to establish her aggrievement as co-executrix of the decedent's estate in her appeal from the Probate Court decree.
 II
The motion for appeal was filed in the Probate Court on March 19, 2001. The Probate Court order allowing the appeal was issued on March 22, 2001. Smith was notified by a March 28, 2001 letter that she should arrange for service on the parties named in the decree and that a copy of the appeal should be filed with the Superior Court. The original appeal was to be returned to the Probate Court.
Service was made on the clerk of the Superior Court in the judicial CT Page 9905 district of Tolland on March 29, 2001. (State Marshal's Return.) Service was made on Andy Bray on April 2, 2001, and on Heintz on April 3, 2001. (State Marshal's Return.) The original appeal and return of service was filed with the Probate Court on April 4, 2001, pursuant to the Probate Court's instructions. (Affidavit of State Marshal, Sharon Uhlman.) Despite the sworn statement that the officer served the Superior Court clerk with appeal papers on March 29, 2000, the appeal was not filed with the Superior Court until May 10, 2000.
General Statutes § 45a-187 provides, in pertinent part, that "[a]n appeal under section 45a-186. . . shall be taken within thirty days." "The time limited for taking an appeal is computed from the date of the decree to the date of the order allowing the appeal. . . . Jakaboski v.Jakaboski, 28 Conn. Sup. 49, 51, 248 A.2d 786 (1968), citing 1 Locke 
Kohn, Conn. Probate Practice, Sec. 197." Sargent v. Sargent, Superior Court, judicial district of Middlesex at Middletown, Docket No. 67750 (April 15, 1993, Higgins, J.) (8 Conn. L. Rptr. 605). "All that the appellant is required to do in perfecting his appeal is to present his motion for the appeal to the court stating his interest . . . and to give a bond with sufficient surety to prosecute the appeal to effect." (Citations omitted.) Fuller v. Marvin, 107 Conn. 354, 356, 105 A. 731
(1928). "The date the motion for appeal is filed with the Probate Court is the relevant date for judging the timeliness of the appeal." Sargentv. Sargent, supra, 8 Conn. L. Rptr. 606-607. Smith's motion for appeal was properly filed within thirty days of the Probate Court decree. Accordingly, the court rules that Smith's appeal was timely.
 III
Despite the timeliness of the appeal, the return of process was belatedly filed with the court. The return date for the appeal was April 24, 2001. The appeal was not filed with the Superior Court until May 10, 2001. Heintz argues that the late return of process to the Superior Court renders the appeal untimely.
In a recent Supreme Court case, the defendant claimed that the motion for appeal "had been served and returned to the court improperly because it had not been served twelve days prior to the return date as required by General Statutes §§ 52-46 and 52-46a." In re Michaela Lee R.,253 Conn. 570, 606, 756 A.2d 214 (2000). The Supreme Court held that "failure to comply with §§ 52-46 and 52-46a was not fatal to [the] appeal. Pursuant to General Statutes § 45a-192, it is the duty of probate courts to make process returnable on a proper return date." Id., 606-607. The court further stated that "[t]he provision requiring notice is a separate section . . . from that giving a right of appeal; it relates to the duties of the Court of Probate and not of the appellant; CT Page 9906 it is merely directory; when the appeal is properly taken and allowed, the jurisdiction of the Superior Court over the cause attaches. . . . Section 45a-192 would serve no purpose if the appeal must be served in the same manner as ordinary civil process. . . . Accordingly, we reject the defendant's claim." (Citation omitted; internal quotation marks omitted.) Id.
In the present case, the decree allowing the appeal from the Probate Court ordered notice of the appeal to be given to Heintz and Andy Bray and "that due return of such service be made to the Superior Court and to the Probate Court." (Decree Allowing Appeal from Probate.) The marshal averred that, upon completion of service, it was unclear where to file the original with the return of service. (Affidavit of State Marshal, Sharon Uhlman.) The marshal called the Probate Court and was instructed by the clerk's office for the Probate Court to return the documents to the Probate Court. (Affidavit of State Marshal, Sharon Uhlman.) Thus, the late return of process to the Superior Court was attributable to the Probate Court rather than to Smith. The Probate Court instructed the marshal to return the motion for appeal and return of process to the Probate Court. The Probate Court was responsible for filing the return of process with the Superior Court. In re Michaela Lee R., supra, 606. The jurisdiction of Smith's appeal attached upon the filing of the motion for appeal and the decree allowing the appeal from the Probate Court, Id. For these reasons, the motion to dismiss is denied.
Sferrazza, J.