[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (MOTION NO. 101)
The plaintiff, Cadle Company, is an unsecured creditor of the estate of Francis D'Addario. Defendants are David and Laurence D'Addario, executors of the estate of Francis D'Addario. On April 19, 2002, the Trumbull Probate Court granted the plaintiff's Motion to Appeal to this court and issued a decree following the appeal. The Motion to Appeal was filed on June 12, 2002,[1] which appeal was returnable to court on June 18, 2002. The defendants were not served with mesne process, in hand, abode, or by other service. Rather, the plaintiff commenced this action on May 24, 2002, by mailing a copy of the Motion to Appeal and the original decree allowing the appeal to defense counsel as ordered by the Probate Court.
On July 17, 2002, the defendants filed this Motion to Appeal asserting: (1) the plaintiff failed to serve the defendants with mesne process in violation of Connecticut statutory and common law; (2) the plaintiff failed to return the action to court within six (6) days prior to the return date as required by General Statute § 52-46a; and (3) the plaintiff failed to take a timely appeal within thirty (30) days of the Probate Court's order and decree as required by General Statutes §§45a-186 and 45a-187. The plaintiff filed a memorandum in opposition on July 31, 2002. It contends the appeal was perfected in accordance with General Statute § 45a-187 and that it complied with the order of the Probate Court in serving notice to counsel for the defendants with the motion and decree by June 5, 2002, thereby conferring jurisdiction upon the Superior Court.
"The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficience of process, and (5) insufficiency of service of process." Practice Book § 10-31. "Facts showing the service of process in time, form, and manner sufficient to satisfy the requirements of mandatory statutes in that regard are essential to CT Page 15225 jurisdiction over the person." (Emphasis in original; internal quotation marks omitted.) Bridgeport v. Debek, 210 Conn. 175, 179-80 (1989)
The primary issue here is whether, in an appeal from Probate Court, a party must serve a defendant pursuant to mesne process or whether it is sufficient to serve the interested parties as per the Probate Court order. The Probate Court judge ordered notice of the appeal be provided defense counsel on or before June 5, 2002, via first class mail with certified return receipt requested. The defendants concede service was made as per that order but contend the court is without jurisdiction because Connecticut General Statute § 52-57 requires a proper officer to make service of the action "by leaving a true and attested copy . . . with the defendant or at his usual place of abode." Id. Our Appellate Court has held a probate appeal is considered a civil action for the purposes of mesne process. Kucel v. Kucej, 34 Conn. App. 579, 583 (1994). As such, the manner of service shall be as per § 52-57. General Statute § 45a-192, however, provides:
 The Court of Probate, in allowing an appeal, shall make such order of notice to persons interested as it deems reasonable. When the notice has been given by the appellant and proved to the court to which the appeal is taken, the court may hear the appeal without further notice.
The disposative issue therefore is whether § 45a-192 takes a Probate Court appeal out of mesne process requirements specifically, the need for personal service — and permits the Probate Court to determine which parties shall be provided notice and the manner of service. Stated another way, does § 45a-192 refer only to notice to interested parties or does it eliminate the requirement of service of a writ of summons as per Connecticut General Statute § 52-45a. In Coughlan v. Murphy,134 Conn. 601 (1948), our Supreme Court, referencing the predecessor to § 45a-192, stated, "This statute would serve no purpose if the appeal must be served in the same manner as ordinary civil process. . . .[2]
A probate appeal is taken from and allowed by a Probate Court. . . . These circumstances distinguish probate appeals from actions of which the Superior Court has original jurisdiction, as regards the service of process. . . . The special provision as to notice of appeals from probate . . . distinguishes them in this respect from ordinary civil process." Id., at 604-05. The defendants cite both Kucel, supra, and Bergin v.Bergin, 3 Conn. App. 566 (1985), as authority for their position. Yet, both these cases concern the timely return of process to court, not the need to serve a writ of summons in an appeal from probate. Neither explicitly provides a writ of summons must be personally served. In the CT Page 15226 instant case, the probate judge's order did not name the defendants as interested parties to receive notice.[3] In this regard, the words of our Appellate Court are instructive:
 The statutory notice requirements are not essential to probate appeals. Therefore, the failure to name an adverse party by notice in a probate appeal does not deprive the Superior Court of subject matter jurisdiction. The provision allowing an appeal confers upon the party aggrieved an absolute right of which he cannot be deprived by an omission of the Court of Probate. When the appeal is properly taken and allowed, the jurisdiction of the Superior Court over the cause attaches. That court, however, will not proceed with the appeal until all appellees have had notice of the appeal. Silverstein's Appeal from Probate, 13 Conn. App. 45, 59 (1987).
The plaintiff has an absolute right to appeal the decision of the Probate Court; that right is not diminished by an omission on the part of the Probate Court. The defendants' Motion to Dismiss on the basis the plaintiff failed to comply with § 52-45a is therefore denied.
The defendants next assert the plaintiff failed timely to appeal the action pursuant to § 45a-187 which requires the appeal be taken within thirty (30) days while the plaintiff argues it filed its motion to appeal with the Probate Court on April 19, 2002, which is within thirty (30) days from the date of the decision in that court. The defendants' argument is based upon the premise the appeal was not served on the defendants and returned to the Superior Court by April 20, 2002. — which is thirty (30) days from the order of the Probate Court on March 21, 2002. There is no Supreme Court or Appellate Court decision on point. Several Superior Court judges have weighed in on the side of the defendants.[4] This court finds more persuasive In reEstate of Bray, Superior Court, judicial district of Tolland at Rockville, Docket No. 75811 (July 24, 2001, Sferrazza, J.). There, as here, the Motion for Appeal filed with the Probate Court was within thirty (30) days of the probate judge's decision but the appeal was not filed with the Superior Court within thirty (30) days of CT Page 15227 the probate judge's order. At page 9905, the Bray court stated:
 General Statutes § 45a-187 provides, in pertinent part, that "[a]n appeal under section 45a-186 . . . shall be taken within thirty days. The time limited for taking an appeal is computed from the date of the decree to the date of the order allowing the appeal. . . ." Jakaboski v. Jakaboski, 28 Conn. Sup. 49, 51 (1968), citing 1 Locke Kohn, Conn. Probate Practice, Sec. 197; Sargent v. Estate of Sargent, Superior Court, judicial district of Middlesex at Middletown, Docket No. 67750 (8 Conn.L.Rptr. 605, April 15, 1993, Higgins, J.). "All that the appellant is required to do in perfecting his appeal is to present his motion for the appeal to the court stating his interest . . . and to give a bond with sufficient surety to prosecute the appeal to effect." (Citations omitted.) Fuller v. Marvin, 107 Conn. 354, 356 (1928). "The date the motion for appeal is filed with the Probate Court is the relevant date for judging the timeliness of the appeal." Sargent v. Estate of Sargent, supra, 8 Conn.L.Rptr. 606-607.
In the case before the court, the Probate Court decision is dated March 21, 2002, and the decree allowing the appeal from probate is dated April 19, 2002. The appeal is timely filed.
Finally, the defendants argue the action was not returned to this court at least six (6) days before the return date in violation of § 52-46a. Both parties agree the return date of this action is June 18, 2002. In their memorandum of law, the defendants assert the appeal was returned to court on June 13, 2002, five (5) days prior to the return date. Defendants' memorandum of law at p. 9. At argument before this court, however, neither the parties nor the court were able to establish the date the appeal was returned to court because the date stamp affixed by the clerk's office was superimposed upon the wording of the document so as to make the date illegible. In the court file is a receipt for payment of one hundred fifty dollars ($150.00) dated June 12, 2002, which date evidences payment of a recognizance bond. Thus, the motion for appeal was filed in the clerk's office of this courthouse within six (6) days of the return date as required by Connecticut General Statute § 52-46a.
The Motion to Dismiss is therefore denied.
__________________ CT Page 15228 B.J. SHEEDY, JUDGE